# HILLSBOROUGH,

## DECEMBER TERM, A. D. 1845.

_____

### BENDEN _v._ NASHUA.

A party, injured by the raising of a highway, cannot maintain an action against the surveyor, or the town which authorized it, if it appear that the act complained of was done in a proper manner, in the repair of the highway, for the accommodation of the public travel.

CASE, to recover damages for the diminution of the value of the plaintiff's buildings, situated in Nashua, by filling up the road opposite said buildings.

It appeared in evidence that the plaintiff became the owner of the property on the 16th of April, 1836, and that the road had been filled up opposite to said buildings gradually, from year to year, from the time of the purchase to 1843; that this was done by the selectmen of said Nashua, or by their order, and a considerable portion of it within six years prior to the commencement of this suit. It also appeared, that in consequence of said filling up the water had run into the lower story of the plaintiff's building, and that they had been otherwise damaged. It further appeared, that at a legal meeting of the town, held on the 5th August, 1835, it was voted, "That the town build a new bridge over the Nashua river, at Nashua village, as soon as possible;" also, voted to raise the ends of the new bridge two feet higher than the old one.

In pursuance of said vote the bridge was built in 1836, or 1837, subsequent to the purchase of the property by

the plaintiff, and the road was filled up to correspond with the raising of the bridge, such being necessary for the public accommodation. The buildings were situated about forty-five feet from the bridge.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court.

*Pierce*, for the plaintiff.

*Farley*, for the defendant.

PARKER, C. J. The duty of repairing highways, and of keeping them in a suitable condition to accommodate the public travel, is devolved upon the towns. In this case it does not appear but that the repair of the highway was necessary and proper. No suggestion is made that it could have been done in a manner less injurious to the plaintiff.

The act then was lawfully done, and neither the surveyors, nor the town as principal, can be made liable for damages consequential upon the commission of a lawful act, in the exercise of a public duty required by law, and done in a prudent and lawful manner.

*Callender* v. *Marsh*, 1 Pick. 418, 432; *Governor, &c., of British Cast Plate Manufacturers* v. *Meredith*, 4 T. R. 794.

*Verdict set aside.*