## TOWLE & a. v. EASTERN RAILROAD.

An action will not lie against a railroad company for consequential damages arising from building a bridge over their railroad, in accordance with the provisions of the Revised Statutes, chapter 142, section 4.

A lawful act, done in a proper manner, cannot be made the subject of an action for a tort.

The legislature has a right to provide for and determine the mode of making such alterations in the highways as the public good may require by reason of the construction of a railroad, and such alteration, if made by the railroad company in pursuance of a liability imposed by their charter, or by general statutes, cannot be made the subject of an action against the corporation.

CASE. It was proved that the plaintiffs owned and occupied a farm in Hampton, lying on both sides of the post road — the dwelling-house being within two rods of the road; that in August, 1844, the defendants erected a bridge across their railroad, which intersected the post road at a point nearly opposite said dwelling-house, and constructed an embankment as an abutment to said bridge, of the height of about ten feet, and extending, at a gradually diminishing height, for the whole breadth of the plaintiffs' land upon said road, and covering nearly the whole width of the road, in such a manner, as the plaintiffs alleged, as to obstruct the plaintiffs' passage to said house, and their other buildings, and between the pieces of their land lying on each side of said road, and to impair the value of said buildings and land.

On the part of the defendants it appeared that on the 14th day of February, 1844, the town of Hampton, at a legal meeting, voted "that the selectmen demand of the Eastern Railroad company a bridge over the crossing near James Towle's house in said town."

A copy of this vote, with a written demand of the selectmen that it should be complied with, was served

upon the defendants prior to the commencement of building said bridge and embankment.

There was also in evidence a deed from the plaintiffs to the defendants, dated December 11, 1839, conveying to them a strip of land on the line of said railroad, in said Hampton, four rods wide, on which said railroad is built, together with a right of way for one Edward Mason to pass over said strip of land and railroad. The deed contained a clause reserving to the plaintiffs and said Mason a right to said way in common, to be used so as not to obstruct the operation of the railroad.

It was agreed that if the effect of said deed was to convey the land in the highway, then a portion of the embankment was upon the land so conveyed in said deed. The embankment renders it more difficult for the plaintiffs to get to the way reserved in said deed than it was before said embankment was erected.

The defendants objected that the action could not be maintained.

The jury returned a verdict for the plaintiffs.

*Hackett,* for the defendants.

*James Bell,* for the plaintiffs.

PARKER, C. J. This action cannot be maintained. It is founded upon an alleged tort, or wrong done to the plaintiffs, by the defendants; but the facts do not show the defendants to be wrong-doers. Their charter authorized them to lay out and construct a railroad between certain *termini,* which they have done. They procured from the plaintiffs a conveyance of the land belonging to them over which the railroad passed, and the road was lawfully constructed. Of this no question is made.

The railroad crossed a public highway in Hampton, near the house occupied by the plaintiffs, and, as origin-

ally constructed, was on the same level with the highway. The deed of the plaintiffs reserves a right of way over the land conveyed by them, but there is no pretence that the way has been obstructed, or that the plaintiffs have been injured, except by the raising of the grade of the highway, so that the public travel will pass over a bridge which has been erected above the railroad, instead of passing on the level of the road. The highway was thus raised and the bridge built, by the defendants; and it may be admitted that the rights of way over the land conveyed cannot be used with the same facility that they could have been before the alteration; that the access to the plaintiff's house is less convenient; and that the value of their property is diminished by what has been done.

But the answer to all this is, that the defendants, in all which they thus did which might be injurious to the plaintiffs, acted in the performance of a public duty, upon compulsion, in fact, of the constituted authorities, for which reason their acts must be deemed lawful, and of course they cannot be liable as wrong-doers.

The charter of the defendants, after providing for the taking of land, &c., for the use of the railroad, and that the corporation should be holden to pay all damages which might arise to any persons by taking their land and other property for said railroad, contains this clause in section 11: namely, "If the said railroad shall in the course thereof intersect or cross any navigable stream, or any canal, turnpike, or other highway, which has been, or may hereafter be, laid out in pursuance of the laws of this State, the said railroad shall be so constructed as not to impede or obstruct the safe and convenient use of said navigable stream, or of such canal, turnpike, or other highway. And the said corporation shall have the power to raise or lower such turnpike, highway, or private way, so that said railroad, if necessary, may conveniently pass under or over the same; and if said corporation shall raise or lower

Towle *v.* Eastern Railroad.

any such turnpike, highway or private way, pursuant thereto, and shall not so raise or lower the same as to be satisfactory to the proprietors of such turnpike, or to the selectmen of such town or towns in which such highway or private way may be situated, as the case may be, said proprietors or selectmen may require in writing of said corporation such amendments or alterations as they may think necessary." The 14th section further enacted, that the said railroad company shall constantly maintain, in good repair, all bridges, with their abutments and embankments, which they may construct for the purpose of passing their railroad over any canal, turnpike, or other highway, or private way, or for passing such private way, turnpike or other highway over said railroad, and in default thereof shall be liable in an action on the case, to refund in damages to the party aggrieved.

The Revised Statutes also provide, that "If any railroad shall intersect or cross any highway in any town in this State, such town may, at any legal town meeting, direct that such place of crossing or intersection shall be secured by a bridge over said road, or by the erection of gates on both sides of said highway, as the town may think expedient." They further provide, that "if, after due notice of such vote, such corporation neglect for the space of six months to erect and complete, to the satisfaction of the selectmen of the town, such bridge or gates, according to the vote of the town, the selectmen may remove the rails from such railroad where it crosses the highway, and not permit any engine or car to run across such highway until the vote of the town shall be complied with." Rev. Stat., chap. 142, of secs. 4, 5.

On the 14th of February, 1844, the town of Hampton, in pursuance of the provisions of this chapter, voted that the selectmen demand of the defendants a bridge at the place in question, and the selectmen, on the 11th of March following, made the demand accordingly. There seems to

be no question that this demand was regularly made, and that the defendants built the bridge, and made the embankments in the highway as a means of access to the bridge, in pursuance of the demand, and of the duty imposed by their charter, and the statute.

If it had been their voluntary act, for purposes of their own convenience and benefit, in pursuance of the power given in the charter, it might perhaps be held that they were liable to pay damages to any one injured, and who had not consented to the alteration. In other words, it may be true that the right thus granted to the corporation, to be exercised at its pleasure and for its benefit, is not to be exercised to the prejudice of any individual without his consent. It is not necessary to inquire how that may be. The question here is, whether the defendants can be held liable in damages, as wrong-doers, when they have only complied with the lawful requisition of the selectmen of the town, in making such an alteration in one of the highways of the town as their charter compelled them to make upon such requisition. And we are of opinion that the question carries with it its own answer.

The legislature had the right to provide for such alteration in the highways as the public good might require, by reason of the construction of the railroad. They prescribed the mode by which this should be determined, and a lawful alteration of a highway, although it may operate injuriously to an adjoining landholder, cannot be made the subject of an action for damages. *Benden* v. *Nashua, ante* 477, and cases there cited.

Nor can the reservation of the way, in the deed of the plaintiffs to the defendants, make any difference. That must be considered to mean such way as can be had consistently with the existence of the highway in such condition as it should be put by lawful authority. The

defendants have not unlawfully obstructed any rights of way belonging to the plaintiffs, nor does it appear that they have voluntarily done any thing to their prejudice.

*Verdict set aside.*