# ROCKINGHAM,

## JULY TERM, A. D. 1847.

---

### Towle & a. *v.* The Eastern Railroad.

18 547
66 300
18 547
68 60

A statute which, operating upon facts existing at the time of its passage, attempts to impose upon one person a debt or duty to another, where there was no right and no obligation in existence before the passage of the statute, is a retrospective law, for the decision of a civil cause, in violation of the constitution.

By section 4, chap. 335, Laws of June session, 1846, it was enacted, among other things, that where the property of individuals shall have sustained consequential damages by the construction or continuance of bridges theretofore erected by a railroad company over their railroad, at the intersection of the railroad with a highway, and the owners have not been compensated therefor, they may have the damages assessed against the railroad company, on petition for that purpose;—*Held*, that this provision was a retrospective law for the decision of a civil cause, and void for that reason.

Petition, for damages arising from an alteration in the highway near the house of the petitioners. The petition set forth that they were the owners and occupants of certain tracts of land, lying on both sides of the highway in Hampton, leading from Portsmouth to Newburyport, at the intersection of said highway and the railroad of the Eastern Railroad in New-Hampshire, excepting a strip of land four rods wide, running through the above mentioned tracts, twenty-eight feet of said width being on one side and thirty-eight feet on the other side of the centre line of the railroad; that they owned a right of way over this strip of land and over the railroad; that in the month of August, 1844, agreeably to a vote of the

town of Hampton, in pursuance of section 4, chapter 142 of the Revised Statutes, said railroad company erected a bridge over their road at said intersection, by reason of which the property of the petitioners sustained damages; in this, that the light and air was shut out from their dwelling-house and other buildings situated upon the easterly side of said highway; that the privacy and privileges of the same were in a great measure destroyed; the access to the buildings from the highway and in the rights of way were cut off; the facility of transporting from each tract of land over the highway to the other was in a great degree lessened; and their property in other respects had sustained great damage by reason of building the said bridge, for which the petitioners had received no compensation.

A second count in the petition recited the facts as stated above, and complained of the continuance of the bridge.

The subject matter of the petition was before this court in December term, 1845, in an action against the defendants, in which it was held that the plaintiffs could not recover. Since that time the legislature have passed an act providing among other things that persons who shall have sustained consequential damages by the construction or continuation of such bridges, and for which the owners have not been compensated, may apply by petition, and have such damages assessed against the railroad company, and this petition is founded upon that statute.

*Hackett,* for the respondents. That part of the statute which applies to this case is in derogation of the provisions of the constitution.

*Bell,* for the petitioners. The embankment of which we complain is part of the railroad. The defendants are bound to make, maintain and keep it in repair, and are liable for damages occurring from its insufficiency. 14 Wend. 58, *Heacock* v. *Sherman.*

Towle *v.* Eastern Railroad.

2. If answerable for injury sustained by not keeping the bridge in repair, they are equally answerable for damages occasioned by making it.   6 Mass. 458, *Perley* v. *Chandler*.

PARKER, C. J.   At the December term of this court in 1845, in an action upon the case between these parties, we held that the act of the defendants, in raising the grade of the highway and building the bridge over their road, at the intersection of their railroad with the highway, having been done in pursuance of a public duty imposed by their charter, and by the statutes of the State, could not be treated as a wrong done to the plaintiffs, and that the action, therefore, could not be maintained. 17 N. H. Rep. 519.

Since that time the legislature has passed an act, it is said on the application of the petitioners, providing that where the property of individuals shall sustain consequential damages by reason of the construction of such bridges, or shall have sustained such damages by the construction or continuance of such bridges, and for which the owners have not been compensated, the road commissioners may hear the parties and make report, as in the case of damages sustained by laying out highways, and assessment of damages may be made, on petition for that purpose, by the court of common pleas.   N. H. Laws, ch. 335, sec. 4.

This petition is founded upon that statute, and the terms of it are broad enough to cover this case.   If the statute may lawfully be applied to this case, the petitioners are entitled to the relief they seek.   The only question is whether the statute, if so applied, would not be a retrospective law for the decision of a civil cause, and thus fall within the express prohibition of the constitution, being also in violation of the general principle which forbids the legislative department to impose a new

duty or liability upon one party for the benefit of another, to whom the first owes no duty, and is under no obligation.

The charter of the defendants, and the laws existing at the time when the bridge was built, required nothing of the defendants in relation to this subject matter, except the building of the bridge and the raising of the embankment, on the requisition of the town, and the keeping of what they had then constructed in suitable repair. No provision was made for the payment of any damages by the railroad corporation or by the town. Whether the legislature intended to leave such cases to the rule applicable to alterations of highways, when the alteration is injurious to the adjoining proprietor; *Benden* v. *Nashua*, 17 N. H. Rep. 477 ; or whether it was not within the contemplation of that body that damages could accrue to the owners of land who would, by reason of the building of such bridge, have a more secure passage across the railroad, is not material to this case. It is sufficient that at the time when the thing was done the defendants were performing a duty to the public, imposed upon them by the statute and by the action of the town, and that they thereby violated no duty, and incurred no liability to the adjoining owners. On general principles it seems that the defendants would not be bound to keep the bridge and embankment in repair but for the express provision of the statute. 2 East 350, *Rex* v. *Inhabitants of West Riding of Yorkshire.* This case is not like 13 East 220, *Rex* v. *Inhabitants of York.* That case turned upon the special terms of the act.

This process cannot, therefore, be sustained upon the ground that a duty existed on the part of the respondents to compensate the plaintiffs for any injury done by the acts of the former, and that the statute of June, 1846, only gave a new and more perfect remedy.

Whether the town might have been required to pay the

damages in this case, upon the ground that the act was done on the requirement of the selectmen, and by a vote of the town, and that the town is a public body upon which the legislature may impose burdens on account of what is past, without any violation of private rights, need not be determined.

It is sufficient that this case is between private parties. The defendants are not a public corporation in any sense which changes their liability from that which would rest upon individuals under similar circumstances. And we are clearly of opinion that the statute of 1846, however it may operate upon future cases, under the clause of the defendant's charter by which the legislature is authorized to amend and alter it, cannot be applied to this case consistently with the provision of the constitution.

A statute which, operating upon facts existing at the time of the passage, attempts to impose upon one person a debt or duty to another, where there was no right and no obligation in existence before the passage of the statute, is a retrospective law for the decision of a civil cause, in violation of the constitution. 3 N. H. Rep. 477, *Woart* v. *Winnick.*

*Petition dismissed.*