**Alfred Owen HASTINGS, Petitioner-Appellant,**

**v.**

**Harold J. CARDWELL, Warden, Ohio Penitentiary, Respondent-Appellee.**

**No. 72-2041.**

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1973.

Decided July 17, 1973.

Charles B. Ebel (Court Appointed), Cincinnati, Ohio, for petitioner-appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen., of Ohio, Columbus, Ohio, on brief.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and NEESE,* District Judge.

PER CURIAM.

Appellant appeals from the denial of a petition for writ of habeas corpus in the United States District Court for the Southern District of Ohio. Previously a state court jury had found appellant guilty of armed robbery and he had been sentenced to ten to 25 years.

The offense concerned took place on December 12, 1968, at a filling station in Lancaster, Ohio. A man, later identified by three witnesses as Hastings, robbed the service station attendant at gunpoint. Still later that evening, a man, also identified at trial as appellant, forced another man at gunpoint to drive him to Columbus, Ohio. Shortly after the unwilling ride-giver had been released, Pickway County police arrested Hastings for the kidnapping and a Lancaster police captain drove the filling station attendant to the Pickway County jail where he viewed the appellant through a one-way mirror while appellant was being fingerprinted.

At trial the filling station attendant testified positively as to his identification of appellant, testified that prior to and during the robbery he had had a half-hour to observe him in the lighted filling station, and that he had seen him at the Pickway County jail.

Before the District Court Judge and before us, appellant argues that the one-on-one identification procedure employed at the Pickway County jail was constitutionally impermissible and a violation of his rights to due process of law. He also argues that at the show-up he had been denied the right to counsel, although he had asked for it. In this regard appellant relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

 This court has previously held that in circumstances where there was excellent opportunity for the victim to observe the offender and the identification was made promptly thereafter in the normal course of a police investigation, and under circumstances when a line-up would have been difficult or impossible, there is no per se violation of the due process clause of the Fourteenth Amendment in a one-on-one show-up. *See* United States ex rel. Penachio v. Kropp, 448 F.2d 110 (6th Cir. 1971), and Hancock v. Tollett, 447 F.2d 1323 (6th Cir. 1971).

If there was any doubt about the Supreme Court's view on the identification problem, it was certainly laid to rest in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1973). There, dealing with facts which a panel of this

* Honorable C. G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation.

court had found to represent a constitutionally impermissibly suggestive identification, where the one-on-one identification occurred six months after the crime and the crime had been committed in darkness, a majority of the Supreme Court held that under the " 'totality of the circumstances' the identification [there involved] was reliable even though the confrontation procedure was suggestive."

We note, of course, that the trial in the instant appeal took place after decision of the *Wade, Gilbert, Stovall* trilogy, whereas the Neil v. Biggers trial preceded it. The District Judge in this case, however, did not find that the show-up complained of was "so unnecessarily suggestive and conducive to irreparable identification that [appellant] was denied due process of law." *See* Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). This was the standard reaffirmed in Neil v. Biggers, *supra.* As to this issue, we affirm the finding of the District Judge.

Even more conclusively a recent Supreme Court case serves to reject appellant's claim that he was denied counsel at the show-up complained of, in violation of the Constitution. In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), in another 5–4 opinion, the Supreme Court concluded that the right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated against him." Kirby v. Illinois, *supra* at 688, 92 S.Ct. at 1881. It is clear that the reference is to state action similar to complaint, indictment, or some other filing of the formal charge, since in *Kirby,* like here, the show-ups occurred immediately after arrest. As to this issue also, we affirm the District Court.

We find no merit to appellant's contention that the person kidnapped for purposes of escape from the area should not have been allowed to testify and identify appellant.

The judgment of the District Court is affirmed.