**William R. STIDHAM, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

**No. 73–1191.**

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1973.

Decided Aug. 14, 1973.

Dean Hill Rivkin, Lexington, Ky. (Court Appointed), for petitioner-appellant.

John M. Famularo, Asst. Atty. Gen. for respondent-appellee; Ed W. Hancock, Atty. Gen., Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

Petitioner, Stidham, and one, Richard L. Long, were convicted in the Fayette County, Kentucky, Circuit Court on a charge of armed robbery of a liquor store, and were sentenced to twenty years' imprisonment. They did not appeal from their conviction. Subsequently, they filed a motion to vacate sentence under Kentucky's post-conviction procedures (R.Cr. 11.42), which motion was denied by the Circuit Court. On appeal to Kentucky's highest court, the Court of Appeals, the judgment of the Circuit Court was affirmed in a signed opinion. Stidham v. Commonwealth of Kentucky, 444 S.W.2d 110 (Ky., 1969).

Stidham then petitioned the United States District Court for the Western District of Kentucky for a writ of habeas corpus, which was denied without a hearing. On appeal we reversed and remanded for an evidentiary hearing. 452 F.2d 837 (6th Cir. 1971). The District Court complied with our mandate and conducted an evidentiary hearing. At the conclusion of the hearing the District Court delivered an oral opinion, in which it adopted findings of fact and conclusions of law and again denied the petition. The opinion appears at length in the record.

Petitioner had asserted that when he was sentenced in the state court his attorney did not attend the sentencing and did not advise petitioner of his right to appeal from his conviction. His attorney, however, disputed this assertion and testified at the evidentiary hearing that he did attend the sentencing. His attorney further testified that he advised Stidham of his right to appeal, and that in their consideration of the matter they both decided not to appeal because of the possibility of Stidham's receiving a more severe sentence on retrial. The District Court chose to believe the testimony of the attorney rather than that of Stidham.

The District Court further found from the evidence that there was probable cause for the police, shortly after the robbery, to stop the automobile in which Stidham and his companion were riding at 11:10 p.m., to arrest them, and to search them and their automobile as incident to the arrest.

The arresting police had received in their police car a radio broadcast of the robbery with a description of the robbers and their automobile which had "a tail light out". The police signaled the defendants to stop, and observed an arm went out the window of their car. In searching the area later, they found in the adjoining field a .22 caliber pistol similar to the type used in the robbery. Search of the automobile uncovered $346 in cash, which was the approximate amount stolen in the robbery. The police also found .22 caliber ammunition in the trunk of the car.

■■ The victim of the robbery was brought immediately to the scene of the arrest, where he positively identified

Stidham as one of the robbers. We find no merit in Stidham's claim that his Fourth Amendment rights were violated, or that the "showup" at the scene of the arrest was impermissible. Hastings v. Cardwell, 480 F.2d 1202 (6th Cir., decided July 17, 1973).

Stidham's only claim which requires more extended discussion is that he was deprived of the effective assistance of counsel because his counsel had only one day to prepare for trial. The fact is, however, that counsel had been appointed for him shortly after his arrest and more than six months before the trial. On a previous occasion when the case was assigned for trial the defendants had secured a continuance. On the day when the case was assigned for trial the second time, the defendants moved the Court to discharge their appointed attorney and to appoint another lawyer to represent them. The Court granted their motion and appointed the lawyer whom they requested. The lawyer asked for a continuance. The Court discussed with counsel several suggested dates for the trial, but counsel had other conflicting scheduled activities on each day suggested by the Court. The Court then requested counsel to confer with his clients to determine the nature of their defense. After consultation with the clients, the lawyer advised the Court that they would be ready to go to trial on the following day.

In considering this issue, the Kentucky Court of Appeals stated:

"As to the contention made that their appointed counsel was not given adequate time to prepare their defense, we note from the record that they were first appointed counsel on March 8, 1966. After various postponements, trial was set for September 12, 1966. On the date of the trial petitioners asked the court to discharge their appointed attorney and to appoint them another, requesting the second attorney specifically by name. The court complied with this request. The second attorney did make a request for a continaunace, which was overruled. The case was set for the following day. On this motion, he filed an affidavit stating that he and petitioners agreed to go to trial on the following day and that the time was adequate to prepare such defense as the petitioners had. When an indigent defendant is given the lawyer whom he requests by name and that lawyer agrees to a trial date and later states that he had sufficient time to prepare defense, we believe it would be strange indeed to accept the unsupported statement of the accused that his lawyer did not have sufficient time. We believe this contention to be completely without merit. Fultz v. Commonwealth, Ky., 398 S.W.2d 881 (1966); Tarrence v. Commonwealth, Ky., 265 S.W.2d 40 (1954). Likewise, their contentions that they were denied the right to a direct appeal and that their counsel was not present at sentencing are refuted by the affidavit of their counsel and therefore deemed without merit. Williams v. Commonwealth, Ky., 405 S.W.2d 17 (1966)." (444 S.W.2d 110, 111).

In requesting the appointment of new counsel and requesting continuances on the very day the case is assigned for trial, litigants must not play fast and loose with the court.

The lawyer testified that Stidham told him that he (Stidham) had won the $346 found in the automobile a week before in a poker game with a man named "Charlie", in Cincinnati, but he was unable to furnish the lawyer or his previous attorney with Charlie's full name or address, nor the names and addresses of the other persons alleged to have been in the poker game. At the trial the lawyer raised issues concerning the identification of petitioner and the automobile, the fact that the pistol had been found in the field some distance from the highway, illegal search and seizure, and the "show up".

At the evidentiary hearing the attorney testified:

"... [A]fter the trial was over I can say confidently that I don't

think another day would have made any difference or another week. I mean that I was as prepared on the 13th of September as I would have been on the 23rd of September." (Tr. 106).

In response to questions propounded by the Court, the attorney testified:

"The Court: What I am interested in, you as an attorney and this petitioner and his co-defendant had conversation there. After all, it may take some time to prepare some cases, but was there anything in the case that time would have been of any benefit?

"The Witness: No, sir.

"The Court: And you also had a conference with them at the jail for about 30 minutes, as I understand?

"The Witness: Yes, sir.

"The Court: The following day?

"The Witness: No, sir, that evening.

"The Court: That evening. And you worked on the case, you made out whatever plan—whatever you plan of trial was going to be. Would time—if you had had two weeks or a month, would you have had any more of an opportunity to make any different plan than that under the evidence in the case, under the facts in the case as given to you by the defendant? I can understand how time is a circumstance in the preparation of a serious charge but all of us know, who have had experience in the practice of criminal cases that unless there is something that time is going to give you some advantage to get something done or to find out something, one day is as good as a month.

"Is there anything now, as an attorney, which you know about the case which you feel that if you had had more time you could have offered a better defense?

"The Witness: No, sir. It wouldn't have made a bit of difference.

"The Court: It wouldn't have made a bit of difference." (Tr. 120–121).

Stidham testified at the evidentiary hearing and made some important admissions. He admitted that "about a quarter to eleven" he and his companion Long stopped at a sandwich shop for sandwiches and coffee, and then went into the liquor store to get a bottle of whiskey. This appears to have been just prior to the burglary. After going in the store he testified that they decided not to buy the whiskey and that they left the store. He admitted that he threw an object out of the car just as it was being stopped by the police, but he claimed it was cups and napkins from the sandwich shop, rather than the pistol. He also admitted that the .22 caliber ammunition was in the trunk of the car.

Stidham's complaint against his first lawyer was that he merely got them a deal from the prosecutor, namely, a proposed sixteen years' sentence in return for a guilty plea. It is interesting that in his testimony at the evidentiary hearing, he never mentioned his alleged poker-playing witnesses in Cincinnati.

 In our opinion there was substantial evidence to support the findings of fact of the District Court, and they are not clearly erroneous. It was the province of the District Court to make credibility determinations. The burden of proof was on petitioner to establish a violation of his constitutional rights. Hawk v. Olson, 326 U.S. 271, 279, 66 S. Ct. 116, 90 L.Ed. 61 (1945). Petitioner did not meet this burden.

 The late appointment of counsel does not constitute a per se violation of the Constitution. The issue must be determined by consideration of all the facts and circumstances of the case. United States v. Knight, 443 F.2d 174, 177 (6th Cir. 1971); Callahan v. Russell, 423 F.2d 450, 454 (6th Cir. 1970).

It is obvious that petitioner was just about caught "redhanded". Under these circumstances it was most difficult for any attorney to defend him successfully.

The lawyer could not very well search to find Cincinnati poker players without being furnished their names and addresses.

■ Ineffectiveness of counsel is easy to charge, but difficult to prove. No such claim can prevail "unless what was done or not done by the attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court." Hayes v. Russell, 405 F.2d 859, 860 (6th Cir. 1969). No such situation existed here.

Affirmed.