**Paul PRICE, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Respondent-Appellee.**

No. 75–1099.

United States Court of Appeals, Sixth Circuit.

July 25, 1975.

Certiorari Denied Nov. 11, 1975. See 96 S.Ct. 371.

Arthur F. James, Toledo, Ohio (Court appointed CJA), for petitioner-appellant.

William J. Brown, Atty. Gen., Donald L. Billman, Columbus, Ohio, for respondent-appellee.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant challenges the District Court's dismissal of his petition for a writ of habeas corpus. Appellant's trial counsel was replaced two hours before trial and Appellant claims that this was a *per se* denial of proper assistance of counsel.

An off-duty Cleveland Policeman in plain clothes entered a bar as a patron while Appellant and a companion were perpetrating an armed robbery. When Appellant exited the bar, the policeman followed and a gun fight ensued. Appellant was wounded but escaped, additional officers arrived on the scene, a trail of blood was followed, and Appellant was captured. Appellant was convicted of armed robbery on October 16, 1970 in the Court of Common Pleas for Cuyahoga County, Ohio.

Prior to trial Appellant had unsuccessfully attempted to secure counsel and the Public Defender's office was appointed to represent him. Roger Hurley of that office prepared the case. On the morning of the day Appellant's trial was to commence, Hurley realized that he had two trials scheduled to begin that day and Rufus Breland of that office replaced him as Appellant's counsel. It was then late morning and the trial was scheduled to commence at 1:30 p. m. Breland looked over the file that Hurley had prepared, talked to Hurley and looked over the prosecutor's file in the approximately two hours he had to prepare.

This Court has held that late appointment or substitution of counsel is not *per se* a denial of effective assistance. *Stidham v. Wingo,* 482 F.2d 817 (6th Cir. 1973). *See also Giacalone v. Lucas,* 445 F.2d 1238 (6th Cir. 1971), *cert. denied,* 405 U.S. 922, 92 S.Ct. 960, 30 L.Ed.2d 793 (1972).

In *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974), we stated

"that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance."

Appellant has failed to demonstrate that his counsel did not afford him the level of assistance required by *Beasley.* Instead Appellant urges that we overturn that portion of *Stidham* which concludes that late substitution of counsel is not *per se* a denial of effective assistance. This we decline to do, although we note that *Beasley* established a new standard for determining whether effective assistance of counsel has been rendered thereby overturning the "farce and mockery" standard applied in *Stidham.*

Appellant has failed to cite us to any evidence which trial counsel failed to introduce, any important witness whom he failed to call or any arguments he was prevented from making. In light of these circumstances, only a repudiation of the late substitution language in *Stidham,* which we deem inappropriate, would warrant reversal of the District Court's order. We therefore affirm.