Concord District Court
No. 84-316

THE STATE OF NEW HAMPSHIRE

v.

JOHN A. SETTLE, JR.

April 9, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief), by brief for the State.

*Pizzimenti & Immen*, of Concord (*Dennis Pizzimenti* on the brief), by brief for the defendant.

BATCHELDER, J. The defendant appeals his misdemeanor conviction in Concord District Court (*Robbins*, J.) for willful concealment and shoplifting, RSA 644:17 (Supp. 1983). He contends that the court's continuance of his June 28, 1984 trial from the morning to the afternoon deprived him of effective assistance of counsel because defense counsel, who was assigned by the public defender's office to the case that same morning, had inadequate preparation time. We disagree and therefore affirm.

The facts of this case are not disputed. The defendant was arrested on February 5, 1984, and arraigned on March 6, 1984. He initially appeared pro se and was provided with discovery from the State after his arraignment. On the first trial date, April 10, the defendant was granted a continuance. On the second trial date, June 5, he asserted his constitutional right to counsel, and the public

defender's office was appointed to represent him. He was granted a second trial continuance until June 28. In the twenty-three days between the second and third trial dates, the defendant, who appears from the record to be intelligent and experienced in the law, failed to take any meaningful steps to contact the public defender or to ensure that his defense was prepared.

 At issue on appeal are the court's June 28, 1984 continuance of the trial and the effectiveness of defense counsel. The trial court has broad discretion in ruling on motions to continue, and we will not reverse the ruling absent an abuse of discretion. *See State v. Barham*, 126 N.H. 631, 640, 495 A.2d 1269, 1275 (1985). Moreover, the Federal Constitution does not mandate a per se rule that short preparation time for counsel necessarily results in ineffective assistance. *See, e.g., United States v. Cronic*, 104 S. Ct. 2039, 2048–49 (1984). "[T]he amount of time required for adequate preparation can widely vary. While an experienced advocate would seldom wish to ready even a simple case for trial in a few hours, he might nevertheless—as many do—perform most competently." *Rastrom v. Robbins*, 440 F.2d 1251, 1253–54 (1st Cir.), *cert. denied*, 404 U.S. 863 (1971). The Court of Appeals for the First Circuit also stated that determinations of ineffective assistance of counsel claims are essentially ad hoc, and approved a totality of the circumstances test. *Id.* at 1252–53. We think this standard is the appropriate one under part I, article 15 of the New Hampshire Constitution.

 Under the circumstances of this case, we cannot say that the district court abused its discretion in continuing the trial from the morning of June 28, 1984, to that afternoon. The court had granted the defendant two earlier continuances, and the State was ready for a third time to go to trial. The case involved only one primary witness, a store security guard who was an eyewitness to the theft, and the arresting police officer. We do not think the continuance deprived the defendant of constitutionally effective assistance of counsel, because the defendant "has failed to cite us to any evidence which trial counsel failed to introduce, any important witness whom he failed to call or any arguments he was prevented from making." *Price v. Perini*, 520 F.2d 807, 808 (6th Cir.), *cert. denied*, 423 U.S. 950 (1975) (upholding a replacement of counsel two hours before trial). Thus, the defendant has shown no prejudice. Absent such a showing, the defendant's ineffective assistance claim must fail. *See State v. Dennehy*, 127 N.H. 425, 503 A.2d 769 (1985). Accordingly, we affirm.

*Affirmed.*

All concurred.