Hillsborough
No. 87-125

# THE STATE OF NEW HAMPSHIRE

v.

# WILLIAM KNOWLES, III

December 28, 1988

*Stephen E. Merrill,* attorney general (*Andrew W. Serell,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

THAYER, J.   The defendant appeals his conviction for aggravated felonious sexual assault. The question presented is whether the Trial Court (*C. Flynn,* J.) abused its discretion in granting the State's motion to continue on the day trial was scheduled to commence. For the reasons that follow, we affirm.

The defendant was indicted in September, 1984, on two counts of aggravated felonious sexual assault against an eleven-year-old female in violation of RSA 632-A:2, XI. Due to the defendant's failure to appear at scheduled court proceedings, resulting in two writs of capias being issued for his arrest, trial was not scheduled to begin until December, 1986.

On December 10, 1986, the day before the defendant's trial was to begin, the prosecutor learned of a police report which indicated the following: that the defendant had admitted to a confidential informant that he had committed the assaults charged; that the defendant had stated to the informant, "'I probable [sic] should have kill[ed] [the victim and a witness] then when I had the chance;'" and that the defendant had stated that "if he ever did anything like this again in the future he would probably do just

that—kill the victim." The following day, December 11, with the jury selected but not yet sworn, the State moved for a continuance in order to allow the State to serve the informant with an out-of-state witness subpoena, and to secure his attendance at a deposition and possibly at trial. Over the defendant's objection, the trial court granted a continuance until the beginning of January, 1987, finding that the "extremely serious importance of [the] defendant's alleged statements" warranted such an order. The court then dismissed the jury.

The defendant's trial commenced before a new jury on January 7, 1987. The jury found the defendant guilty of both charges, and the court sentenced him to consecutive terms of 7 to 15 years and 3 to 15 years in prison. The informant did not testify at trial.

The defendant argues on appeal that the trial court abused its discretion in granting the continuance. According to the defendant, where the existence of the confidential informant had been known to the police, and thus to the State, for over two years, the State had "no legitimate ground" for waiting until the beginning of trial to subpoena the informant. The defendant claims that he was prejudiced because the State precluded him from "going to his jury," which he had "carefully selected," and forced him to suffer the strain of a postponement. The defendant raises no constitutional issues in this appeal.

■■ The decision whether to continue a case rests within the trial court's sound discretion, and we will not reverse the trial court's determination absent evidence of abuse. *State v. Settle*, 127 N.H. 756, 757, 512 A.2d 1083, 1084 (1986); *State v. Hood*, 127 N.H. 478, 481, 503 A.2d 781, 784 (1985). Upon review of the record here, we hold that the trial court did not err in granting the State's motion to continue.

The trial court weighed several factors in making its decision. While the court was cognizant of the tardiness of the State's motion, and the disruption that would be caused by delaying trial and discharging the jury, the court also recognized the seriousness of the alleged statements made by the defendant. Accordingly, we cannot say that the court's ruling was an abuse of discretion.

Moreover, the defendant has failed to demonstrate actual prejudice resulting from the continuance. The informant whose testimony the State sought did not testify at trial. In addition, the defendant has not articulated how the jury he selected on January 7 was any less qualified than the original jury. Finally, the strain or anxiety inherent in any delay, standing alone, is insufficient to warrant reversal, *cf. United States v. Mitchell*, 723 F.2d 1040, 1049–

50 (1st Cir. 1983), particularly where, as here, the defendant had already caused significantly longer delays by his own actions.

*Affirmed.*

All concurred.