Knowles v. Cunningham                CV-96-475-JD  02/20/97

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


William James Knowles III

        v.                          Civil No. 96-475-JD

Michael J. Cunningham, Warden
New Hampshire State Prison


                          O R D E R


     The pro se petitioner, William James Knowles, III, brought
this action seeking a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254.  The petitioner challenges his conviction on two grounds,
asserting he did not receive (1) potentially exculpatory material
or (2) effective assistance of counsel.


                         Background

     The petitioner was charged with two counts of aggravated
felonious sexual assault stemming from an incident on the evening
of July 29 and the early morning of July 30, 1984.  While
babysitting two girls, A.W. and H.C., the petitioner sexually
assaulted A.W.  H.C. reported the episode to her mother, B.C.,
who in turn reported it to the police.  B.C. had made other
complaints of criminal activity, and it is her involvement in
other complaints that forms the core of the petitioner's
challenge to his conviction.

The petitioner's defense counsel argued prior to trial that material concerning B.C.'s other complaints might contain exculpatory information to which he would be entitled under Brady v. Maryland, 373 U.S. 83 (1963). At a hearing on the issue, Judge Dalianis of the Hillsborough County Superior Court ruled that she would review the material in camera, redact identifying information to which the defendant was not entitled, and provide the results to defense counsel. The judge further indicated that if she felt that disclosure of the material was inappropriate, she would conduct a further hearing. However, the record does not indicate that a further hearing was conducted.

At trial, B.C. was not called to testify as a witness by either the prosecution or the defense. The petitioner was found guilty by a jury of both counts of aggravated felonious sexual assault on January 13, 1987. On March 13, 1987, he was sentenced to prison for seven to fifteen years on one count and for three to fifteen years on the other, to be served consecutively. The New Hampshire Supreme Court upheld the petitioner's conviction on direct appeal. See State v. Knowles, 131 N.H. 274, 553 A.2d 274 (1988). In 1995, some seven years later, the petitioner moved in state court to have his guilty verdicts set aside and a new trial granted on the grounds asserted herein. Judge Lynn of the Hillsborough County Superior Court denied his motion on August

2

18, 1995, and denied his motion for reconsideration on September 15, 1995. On March 25, 1996, the New Hampshire Supreme Court declined to accept the petitioner's appeal. On September 13, 1996, the petitioner brought this action.

## Discussion

Brady v. Maryland requires the government to disclose any exculpatory evidence that is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Material evidence is that which, if disclosed, "might have affected the outcome of the trial." United States v. Agurs, 427 U.S. 97, 104 (1976). However, "[a] defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files." Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987). Nor does it entitle a defendant to require a trial court "to conduct an in camera fishing expedition through the government's files." United States v. Pou, 953 F.2d 363, 366-67 (8th Cir. 1992); see also United States v. Navarro, 737 F.2d 625, 631 (7th Cir. 1984) ("Mere speculation that a government file may contain Brady material is not sufficient to require a remand for in camera inspection."). Rather, "[t]o establish a violation of Brady, a defendant must provide the court with some indication that the materials to which he . . . needs access contain

3

material and potentially exculpatory evidence." <u>United States v.</u> <u>Brandon</u>, 17 F.3d 409, 456 (1st Cir. 1994). In addition, to warrant setting aside a guilty verdict on the basis of a failure to disclose exculpatory information, a defendant must show that any evidence not disclosed caused him "undue prejudice." <u>United</u> <u>States v. Drougas</u>, 748 F.2d 8, 23 (1st Cir. 1984).

The petitioner alleges that he was denied a right to potentially exculpatory evidence but he has not demonstrated the existence of any specific exculpatory evidence to which he was denied access. Instead, he challenges the <u>in camera</u> review process, arguing that only his defense counsel could have determined whether material would have been exculpatory and thus his counsel should have been given the opportunity to examine the material.[1] The petitioner's argument is unavailing.

It is well established that "[t]he prosecutor need not turn over all files so that defense counsel may search out exculpatory material; counsel must be satisfied with the representations of

---

[1]The respondent has taken the position that Magistrate Judge Muirhead's preliminary review order of October 24, 1996, dismissed this portion of the petitioner's claim. Respondent's Answer to Petition for Writ of Habeas Corpus at 3 n.1. The petitioner disputes this characterization. Although the magistrate found that "petitioner's <u>Brady</u>-related claim would appear to be without substantive merit," the court finds the order to be somewhat ambiguous about whether the magistrate actually dismissed the claim pursuant to Rule 4 of the Rules Governing Section 2254 Cases and therefore considers its merits.

4

the prosecutor, fortified by judicial inspection in close cases." United States v. Danovaro, 877 F.2d 583, 589 (7th Cir. 1989). In addition, even assuming that the petitioner was denied access to material concerning B.C.'s other complaints, which the petitioner claims would have enabled him to impeach B.C., B.C. was not called at trial and the petitioner has not suggested any other reason the material might be relevant or exculpatory. Most importantly, the petitioner has failed to demonstrate what prejudice the putative failure to disclose the unidentified but purportedly exculpatory material caused him. For these reasons, the court dismisses this claim.

To sustain a claim of ineffective assistance of counsel, the petitioner must show "both that trial counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was so prejudicial as to undermine confidence in the outcome of the trial." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 688-89 (1984)). The court's inquiry into the reasonableness of counsel's performance is highly deferential, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (quotation marks omitted). In particular, "[t]he decision whether to call a particular witness

5

is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony."  Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993).  To satisfy the "prejudice" prong, the petitioner "must affirmatively prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Argencourt, 78 F.3d at 16 (quoting Strickland, 466 U.S. at 694).

The petitioner asserts that his defense counsel's failure to call B.C. as a witness at trial constituted ineffective assistance of counsel.  His argument, not fully articulated in his petition, appears to be that B.C.'s history of other complaints provided fertile opportunity to impeach her credibility.  However, since B.C. was not called as a witness by the prosecution she could not be subject to impeachment.  Furthermore, the petitioner has provided no rational basis for his assertion that defense counsel should have called B.C. as a witness.  Since the petitioner has produced no evidence to support his bare assertion that defense counsel's failure to call B.C. at trial fell below objective standards of reasonableness, the court will not second-guess defense counsel's decision not to call B.C. merely for the purpose of advancing an unsubstantiated theory.  In addition, the petitioner has failed to establish that he was prejudiced as a result of his counsel's performance.

Therefore, the court dismisses the petitioner's claim that he was denied the effective assistance of counsel.

## Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is denied.  The clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

February 20, 1997

cc:  William James Knowles III, pro se
     Joseph N. Laplante, Esquire

7