## WILLIAM WOART *vs.* JOHN WINNICK.

An act of the legislature repealing a statute of limitations is, with respect to all actions pending at the time of the repeal, and which are barred by the statute, a retrospective law for the trial of a civil cause, repugnant to the constitution of this state, and wholly inoperative.

ASSUMPSIT upon a note for $118 50, dated October 11, 1817, made by the defendant, and payable in six months to the plaintiff, with interest. The action was commenced on the 12th April, 1825, and was entered here at September term in the same year; when the defendant pleaded in bar, that the cause of action did not accrue within six years next

Woart
vs.
Winnick.

before the commencement of the action. To this plea there was a general demurrer and joinder in demurrer.

*Moody* and *Crosby*, for the plaintiff.

*Lyford*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of June 30, 1825, entitled "an act for the "limitation of actions and preventing vexatious suits," is, by its express terms, applicable only to actions commenced after its enactment ; and the last section of that act repeals all the statutes, which were previously in force, for the limitation of personal actions. If, therefore, the repealing clause of that statute can take effect with respect to actions which were pending on the 30th June, 1825, there is now no statute of limitations which can be held to be a bar to such actions.

But it is contended on the part of the defendant, that the repealing clause of that statute is, so far as regards actions then pending, repugnant to the constitution of this state, and therefore wholly inoperative ; and the question, which this case presents for our decision, is, whether that clause in the statute is in that respect warranted by the constitution.

The clause in the constitution, upon which the defendant relies, is the 23d article in the bill of rights. " Retrospec- "tive laws are highly injurious, oppressive, and unjust. "No such laws, therefore, should be made, either for the "decision of civil causes, or the punishment of offences." We shall, therefore, proceed to examine that article, and endeavor to ascertain its meaning, and to see in what cases, and to what extent it is to be considered as a limitation of the power of the legislature.

It is evident from this article in the bill of rights, that there are different kinds of retrospective laws ; for two species are here enumerated—retrospective laws for the decision of civil causes, and retrospective laws for the punishment of offences. We shall, in the first place, advert to retrospective laws for the punishment of offences, or to *ex post facto* laws, as they are usually called ; because their

nature seems to be better defined and settled in the books, than that of any other species of retrospective laws ; and the general principles, which have been settled in relation to that kind, may throw some light upon the nature of retrospective laws for the decision of civil causes, and aid us in determining, whether the repealing clause in the statute, which we are now examining, is a retrospective law for the decision of civil causes, within the meaning of that article in the bill of rights.

*Blackstone*, in his commentaries, describes a law as *ex post facto*, " when, after an action indifferent in itself is commit- " ted, the legislature then, for the first time, declares it to " have been a crime, and inflicts a punishment upon the " person who has committed it." 1 *Black. Com.* 46.

*Chase, J.*, in the case of *Colder & wife vs. Bull & wife*, (3 *Dallas* 386,) gives a much fuller description of *ex post facto* laws, than that of *Blackstone.* He lays it down, that every law, which makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action ; or which aggravates a crime, and makes its greater, than it was when committed ; or which changes the punishment, and inflicts greater punishment, than the law annexed to the crime when committed ; or which alters the legal rules of evidence, and receives less or different testimony, than the law required at the time of the commission of the offence, in order to convict the offender, is an *ex post facto* law.

And the terms in which *ex post facto* laws are denounced and proscribed in the constitutions of other states in the union, may aid us in forming an accurate conception of their nature. The constitution of Massachusetts contains a declaration, that " laws made to punish for actions done before " the existence of such laws, and which have not been de- " clared crimes by preceding laws, are unjust, oppressive, " and inconsistent with the fundamental principles of a free " government." In the constitution of North-Carolina it is declared, " that retrospective laws, punishing facts com- " mitted before the existence of such laws, and by them

" only declared criminal, are oppressive, unjust, and incom-
" patible with liberty."

In the constitution of Mississippi it is provided, that " no
" person shall be punished but in virtue of a law, established
" and promulgated prior to the offence, and legally applied."

The constitution of Tennessee declares, that " the laws
" made for the punishment of facts committed previous to
" the existence of such laws, and by them only declared
" criminal, are contrary to the principles of a free govern-
" ment ; wherefore no *ex post facto* law shall be made."

It is worthy of remark, that it is not declared in the ar-
ticle of our bill of rights, which we are now considering,
that no retrospective law ought to be made for the trial of
criminal causes, but that no such laws ought to be made for
the *punishment* of offences. A statute, on which a prosecu-
tion for a crime depends, may be repealed, and the prose-
cution thus defeated ; yet, although the act effecting such
repeal is a retrospective law for the decision of the cause,
it is not within the prohibition of this article, because it is
not a retrospective law for the *punishment* of an offence.

No statute is to be considered *ex post facto*, which mollifies
the rigor of the criminal law, but only those that create or
aggravate the crime, or increase the punishment, or change
the rules of evidence for the purpose of conviction. *2 Pick.*
165, *the case of Ross.—3 Dallas* 391.

It therefore seems, that a retrospective law for the pun-
ishment of an offence, within the meaning of our bill of rights,
must be a law made to punish an act previously done, or to
increase the punishment of such act, or in some way to
change the rules of law in relation to its punishment, to the
prejudice of him who committed it. In other words, it must
be a law establishing a new rule for the punishment of an act
already done.

The only object of this clause in the bill of rights was to
protect individuals against unjust and oppressive punishment.
Therefore, while it withholds the power to make retrospec-
tive laws for the punishment of offences, it leaves to the
legislature the power to make such laws, at its discretion,
for the mitigation of punishment.

A very different language is used in the other clause of this article in the bill of rights. No retrospective law should be made for the decision of civil causes. Here the object of the clause is to protect both parties from any interference of the legislature whatever, in any cause, by a retrospective law.

A law for the decision of a cause is a law prescribing the rules by which it is to be decided ;—a law enacting the general principles by which the decision is to be governed. And a retrospective law for the decision of civil causes, is a law prescribing the rules by which existing causes are to be decided, upon facts existing previous to the making of the law. Indeed, instead of being rules for the decision of future causes, as all laws are in their very essence, retrospective laws for the decision of civil causes are, in their nature, judicial determinations of the rules, by which existing causes shall be settled, upon existing facts. They may relate to the grounds of the action, or the grounds of the defence, both of which seem to be equally protected by the constitution. And as, on the one hand, it is not within the constitutional competency of the legislature to annul by statute any legal ground, on which a pending action is founded, or to create any new bar, by which such an action may be defeated ; so, on the other hand, it is believed, that no new ground for the support of an existing action can be created by statute, nor any legal bar to such an action be thus taken away. A statute, attempting any of these things, seems to us to be a retrospective law for the decision of civil causes, within the prohibition of this article in the bill of rights. It is the province of the legislature to provide rules for the decision of future causes. It is the province of courts to determine by what rules existing causes are to be decided.

There are several adjudged cases which seem to us clearly to shew, that this is the true meaning of the clause in the bill of rights, which we have now under consideration.

In the case of *Dash vs. Van Kleech*, (7 *J hn.* 477,) where the nature of retrospective laws was much discussed, the question arose in the following manner. A statute of the

state of New-York, passed in the year 1801, made it the duty of the sheriff to allow prisoners the liberties of the gaol, on their giving bond, with sufficient sureties, with a condition, " that such prisoner shall remain a true and faith-" ful prisoner, and shall not, at any time, nor in any wise, " escape or go without the limits of the liberties of the pri-" son, until discharged by due course of law." In the case of *Tillman vs. Lansing*, (4 *John.* 45,) which was decided in February, 1809, the supreme court held, that in an action against the sheriff for the escape of a prisoner, who had given bond under the statute above mentioned, a voluntary return of the prisoner within the limits, before suit brought, was no defence. In April, 1810, a statute was passed, declaring the law to be, that notwithstanding the acts relative to goals and gaol liberties, a return or reception, before suit brought for an escape, should be a defence as at common law. The action of *Dash vs Van Kleech*, was commenced before the last mentioned statute was passed, and the question was, whether that statute could govern that case ? Three of the Judges held, that to apply that statute to the case, then before them, would be to give it a retrospective operation, which, although not prohibited expressly by any clause in their constitution, was upon general principles wholly inadmissible. They, therefore, decided against the letter of the statute, that it could not have been intended to apply to causes pending at the time it was enacted. It is believed, that no body can doubt, that such a law must, with respect to actions pending when it was passed, be considered as a retrospective law for the decision of civil causes. For, applied retrospectively, it would create a new bar to an existing action ; and if such a law be not within the prohibition intended, it is difficult to conceive what would be.

In the case of the *Society vs. Wheeler et al.* (2 *Gallison* 105,) a writ of entry was brought in the circuit court of the United States in the year 1807, to recover a tract of land in Westmoreland, in this state. The tenants alleged, that they had been in possession of the land, under a supposed legal

title, more than six years before the commencement of the action, and had made improvements ; and they claimed to be allowed for the increased value of the land, a sum equal to such increased value. The jury found the value of the improvement, but the demandants moved for judgment, notwithstanding the verdict with respect to the improvements, on the ground, that the statute of June 19, 1805, was, in respect to that case, a retrospective law prohibited by the constitution, the possession of six years not having elapsed after the making of the statute, and before the commencement of the action. *Story, J.* held, that, " upon principle " every statute, which takes away or impairs vested rights, " acquired under existing laws, or creates a new obligation, " imposes a new duty, or attaches a new disability, in re- " spect to transactions or considerations already past, must " be deemed retrospective," and that the statute of June 19, 1805. would, if applied to that case, be a retrospective law for the decision of a civil cause, within the prohibition in our constitution. He therefore held, that the statute could apply only to cases, where there had been possession for six years after the passage of the statute.

In *Holden vs. James*, (11 *Mass. Rep.* 396,) it was decided in the supreme court of Massachusetts, that the legislature could not suspend the operation of a statute of limitations in favor of one individual only. In delivering the opinion of the court, *Jackson, J.* said, " it would not be an exercise of " greater power to enact that *Mr. James*, the defendant in " this suit, should not be held to answer to any suit com- " menced against him, as administrator, after the expiration " of two years from the time of his accepting that trust, " than it would be to enact, that he should be held to an- " swer to any such suit commenced within six years. It " could not in either case be properly considered a suspend- " ing of the law, which limits such actions to four years, " but *it would be enacting a new and different rule for the gov-* " *ernment of one particular case.* "

The case of *Walter vs. Bacon*, (8 *Mass. Rep.* 468,) was debt upon a bond, with a condition, that *Bacon* should con-

tinue a true prisoner in the gaol at Cambridge. Soon after the bond was made, *Bacon* went into a private house within the limits of the prison, to which he had been committed, and so according to the decision of the supreme court in the case of *Baxter vs. Taber*, (4 *Mass. Rep* 361,) committed an escape ; and a suit was accordingly brought against him on the bond. After all this. the legislature passed an act, declaring that no person, having given bond to continue a true prisoner, should be considered as having committed an escape. in consequence of having entered upon any private estate ; and the question was, whether that act could apply to that case ? It was decided, that the act might be so applied, without any violation of the constitution of that state. But it appears by the remarks of *Sewall, J.* in *Patterson vs. Philbrick*, (9 *Mass. Rep.* 153,) that some of the judges did not concur in the decision ; and it is very much to be regretted, that the opinions of the learned and able judges, who considered the case, do not more fully appear in the report. The decision seems to be in direct opposition to the principles laid down by *Kent, C. J.* in *Dash vs. Van Kleech*, and approved by *Story, J.* in the *Society vs. Wheeler*, (2 *Gallison* 139.) But whether such a law was repugnant to the constitution of Massachusetts or not, it is unnecessary to inquire in this case. It is believed, that such a law so applied would, without doubt, be considered in this state as a retrospective law for the decision of civil causes, and repugnant to our constitution.

In the case of *Merrill vs. Sherburne*, (1 *N. H. Rep.* 199,) a statute, purporting to grant a new trial in a civil cause, after a final judgment had been rendered, was held to be a retrospective law, within the meaning of this clause in the bill of rights, and wholly inoperative.

But it has been decided in this court, that an action brought upon a statute to recover a penalty, might be defeated by a repeal of the statute after the action was commenced. 1 *N. H Rep*   *Lewis vs. Foster*. In that case, however, no objection was taken by counsel to the validity of the repealing statute ; nor was its validity examined by the court.

It will, therefore, remain to be decided hereafter, whether such an action can be so defeated, consistently with this clause in the bill of rights. For an action of debt to recover a penalty is a civil cause. 1 *Gallison* 179.— 2 *Bos. & Puller* 532, *note.* And he, who first commences an action for a penalty, has a vested right. 6 *John.* 101. The act, which repeals the law, on which the action is founded, establishes a new rule for the decision of an existing cause ; and it will deserve great consideration, whether, with respect to such causes, it must not be adjudged repugnant to the constitution, and void. But the point yet remains undecided.

We have adverted to these various cases, in order to illustrate the general nature of retrospective laws. There is no safer method to ascertain the correctness of a particular principle, than a close examination of it in its application to various particular cases. The more widely this can be done, the more accurately may its soundness be tested. No general principle can be safely established by an examination of its operation in one instance only. The most attentive examination we have been able to give to the clause in the constitution, which we are now considering, has satisfied us, that it was intended to prohibit the making of any law, prescribing new rules for the decision of existing causes, so as to change the ground of the action, or the nature of the defence. We think that such was the intention, because it is fit and proper that the prohibition should go to that extent. Retrospective laws of that kind deserve to be denounced, as they are denounced in our constitution, as highly injurious, oppressive, and unjust. They have been denounced by the most sound and intelligent jurists and statesmen in every age. We think that such was the intention, because the establishment of new rules for the decision of existing cases is in its nature an exercise of judicial power—a power, which the thirty-seventh article of the bill of rights declares ought to be kept separate from, and independent of, the legislative power ; and because the union of the legislative and judicial power in the same branch of the government is, in its very essence, tyranny. We think that such was the intention, because it is most manifestly injurious, oppressive,

and unjust, that after an individual has, upon the faith of existing laws, brought his action, or prepared his defence, the legislature should step in, and, without any examination of the circumstances of the cause, arbitrarily repeal the law, upon which the action or the defence had been rested. Such an exercise of power is, in our opinion, wholly irreconcilable with the spirit of our institutions, and with the great principles of freedom, upon which they are founded.

We will now consider how this doctrine of retrospective laws applies to the case now before us. *Woart* brought his action against *Winnick* on the 12th April, 1825 upon a note made in the year 1817. By the law, as it stood when the action was brought, *Winnick* had a right to insist upon the lapse of six years after the promise, and before the commencement of the action, as a legal defence to the action. But, if the last section of the statute of June 30th, 1825, repeals the statute, on which that defence rested, he has now no defence in that respect. That to give the statute that construction and operation, in relation to this cause, would be to make it a law prescribing a new rule for the decision of an existing cause, is much too clear to need elucidation. By the rule of law in force when this action was commenced, this defendant is entitled, upon these pleadings, to judgment. If that rule of law is now repealed, and no longer the rule, the plaintiff is, upon the same pleadings, entitled to judgment.

And we are of opinion, that the statute of June 30th, 1825, does not, so far as respects actions then pending, repeal the statutes of limitations, which had been previously in force. We think, in the first place, that the legislature had no constitutional authority so to repeal them. And, in the next place, we are satisfied, that it was not the intention of the legislature to repeal those statutes, with respect to existing actions. We do not believe that this was the intention of any individual in either branch. We draw this conclusion from the circumstance, that the statute of June 30th, 1825, adopts not only the principles, but the language of the former statutes of limitation, and makes no change in the

rule of law. The object seems to have been merely to bring into one, what was before contained in two statutes, with the addition of one or two new rules of law in relation to actions against executors and administrators. We think that the intention of the legislature was, that the rules of law, contained in the repealed acts, should remain unaltered, and be applied to all cases, as well those that were pending, as those that were to be afterwards commenced. Upon any other view of the statutes, it would be very questionable, whether the statute of June 30th, 1825, could be now applied, consistently with the constitution, to any action since commenced, the cause of which existed when that act was passed. But by considering that act as merely re-enacting an existing rule, all objection vanishes. It is probable that the sixth section of that statute can be applied only to those who may become executors or administrators after the passage of the statute.

This construction of the repealing clause in the statute is, we concede, contrary to the letter. But it is required by the constitution. It is in accordance with what we believe to have been the intention of the legislature. It is justified by the soundest rules of construction, and is warranted by many authorities, entitled to the highest respect. 16 *Mass. Rep.* 215, *Medford vs. Learned.*—4 *D. & E.* 2, *Williams vs. Pritchard.*—7 *John.* 477.—4 *Burr.* 2460, *Couts vs. Jeffries.*—10 *Mass. Rep.* 437, *Whitman vs. Hapgood.*—2 *Gall.* 105.—2 *Shower* 17.—2 *Mod.* 310.—2 *Lev.* 227.—2 *Jones* 108.—1 *Vent.* 330.—8 *Mass. Rep.* 423.

We are therefore of opinion, that there must be

*Judgment for the defendant.*