Hillsborough
No. 82-294

## THE STATE OF NEW HAMPSHIRE

v.

## THOMAS H. THEODOSOPOULOS

May 6, 1983

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, attorney, on the brief and orally), for the State.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Eugene M. Van Loan, III*, on the brief and orally), for the defendant.

BOIS, J.   The issue in this appeal is whether the Trial Court (*Dalianis*, J.) correctly ruled that the defendant was not eligible in April 1982 to seek a suspension of his sentence. We affirm.

On April 18, 1981, the defendant pleaded guilty to two charges of aggravated assault stemming from events occurring in 1977. The trial court sentenced him to two concurrent terms of two-and-one-half to five years in State prison. On April 21, 1982, after serving one year of his sentence, the defendant filed a motion to reduce the sentence.

At the time of the defendant's crime in 1977, RSA 651:20 provided, in pertinent part, that:

> "[T]he sentence to imprisonment of any person may be suspended, at the time of sentence or *at any time while any part thereof remains unserved . . . ."*

(Emphasis added.) *See* Laws 1971, 518:1.

In 1979, the legislature amended these provisions to read as follows:

> "[T]he sentence to imprisonment of any person may be suspended, at the time of sentence or *no later than 180*

*days after imposition of the sentence, unless otherwise ordered by the court at the sentencing . . . ."*

(Emphasis added.) *See* Laws 1979, 407:3. The 1979 provisions were in effect at the time of the defendant's sentencing and during the first four months of his sentence.

In 1981, the legislature again revised the provisions for suspension of sentences. The 1981 revisions, which were in effect when the defendant filed his motion for suspension, provided:

"[T]he sentence to imprisonment of any person may be suspended, at the time of sentence unless otherwise ordered by the court, or at any time while any part of the sentence remains unserved, *but a petition to suspend sentence may not be brought less than 2 years after commencement of said sentence nor more frequently than every 2 years thereafter. . . ."*

Laws 1981, 516:1. Subsequent revisions in sentencing procedures, *see* Laws 1982, 36:3 (codified at RSA 651:20 (Supp. 1982)), are not involved in this appeal.

At the time of the defendant's motion for suspension, the State failed to apprise the trial judge of the various changes in RSA 651:20. When the State finally brought the statutory issue to her attention, the trial judge denied the defendant's motion. She ruled that the 1979 version of RSA 651:20, which was in effect at the time of the defendant's plea bargain and sentencing, precluded any suspension of the sentence, because the defendant had failed to file his motion within 180 days of his sentencing. The defendant appealed to this court, claiming that the 1977 version of RSA 651:20 provided the applicable law and that the trial judge therefore erred in applying the 1979 statute.

The defendant first argues that the legislature did not intend either the 1979 or the 1981 sentence suspension provisions to apply to individuals who, like himself, were serving sentences on those dates but whose crimes had been committed prior to those dates. We disagree. It is axiomatic that statutes are intended to speak from the time they go into effect unless otherwise indicated. *Breest v. Helgemoe*, 117 N.H. 40, 42, 369 A.2d 612, 613 (1977). Here, the legislature did not limit the applicability of the 1979 and 1981 amendments only to those defendants committing crimes after the respective dates of such amendments. Consequently, we conclude that the legislature intended the provisions to apply to all defendants under sentence at the time the provisions went into effect.

The defendant also argues that the application of the sentence

suspension provisions enacted after the commission of his crimes constitutes a violation of the constitutional ban against ex post facto laws.

■ Both the State and Federal Constitutions prohibit the retroactive application of any law enacted after one's crime or sentence which would result in the imposition of more severe punishment. *Weaver v. Graham*, 450 U.S. 24, 30 (1981); *State v. Breest*, 116 N.H. 734, 754, 367 A.2d 1320, 1335–36 (1976); *see Shepard v. Taylor*, 556 F.2d 648, 654 (2d Cir. 1977); U.S. CONST. art. I, § 9; N.H. CONST. pt. I, art. 23. *See generally State v. Lambert*, 119 N.H. 881, 884, 409 A.2d 794, 796 (1979). The constitutional prohibition "was intended to secure substantial personal rights against arbitrary and oppressive legislation." *Dobbert v. Florida*, 432 U.S. 282, 293 (1977) (citing *Malloy v. South Carolina*, 237 U.S. 180, 183 (1915)). The prohibition does not bar the retroactive application of a law whose impact is procedural or insubstantial. *Dobbert v. Florida*, 432 U.S. at 293.

■ In deciding whether the application of the sentence suspension provisions enacted after the defendant committed his crimes violates the ex post facto prohibition, we must determine whether their application substantially disadvantages the defendant so as to be deemed an increase in the quantum of punishment attaching to his crime. This inquiry cannot be answered by looking at the effect of any single provision in the abstract. Rather, we must consider the effect of all the provisions in the sequence of their enactment and thereby observe their cumulative impact upon the defendant's rights.

■ The 1979 statutory revision, which was in effect during and after the defendant's sentencing, limited to the first 180 days after sentence his eligibility to seek a suspension of sentence. It neither postponed nor entirely abolished the defendant's right to request a sentence suspension. Thus, the defendant had an opportunity to seek a suspension of his sentence during the first part of the sentence, but failed to exercise this right. The defendant's own failure to satisfy the 180-day requirement caused the 1979 statute to affect him adversely. Under these circumstances, the negative consequences do not make the application of the provision ex post facto. *See Dobbert v. Florida*, 432 U.S. at 293. As a result, there was no constitutional problem in applying the 1979 statute to the defendant.

■ The 1981 version was in effect when the defendant filed his motion for suspension; therefore, we hold that the trial court should have also applied that provision, rather than finding the 1979 ver-

sion dispositive in itself. Thus, the final question is whether application of the 1981 provisions would have significantly disadvantaged the defendant. When the defendant, in April 1982, first applied for a suspension, his right to seek a suspension had lapsed under the operation of the 1979 statute. The 1981 statute, which permitted a petition for suspension of sentence to be filed only two years after the commencement of one's sentence, also barred the defendant from seeking a suspension of his sentence at that time, because he had then served only one year of his sentence. However, the 1981 provisions turn out to benefit the defendant, by allowing him to seek a suspension of his sentence at the present time, an opportunity which he had previously forfeited.

In sum, although the 1979 and 1981 revisions modified the previously unlimited right to seek a suspension of sentence, we find that they have not deprived the defendant of a meaningful opportunity to seek a suspension of his sentence in this case. *Cf. Rodriguez v. United States Parole Com'n*, 594 F.2d 170, 176 (7th Cir. 1979) (retroactive denial of meaningful opportunity for parole violates ex post facto bar). Consequently, we hold that the defendant has not been subjected to an ex post facto law.

*Affirmed.*

KING, C.J., did not sit; the others concurred.