ON MOTION TO REVIEW
BARFIELD, Judge.
Scarlett Barts appeals the trial court’s order denying bail pending appeal from a conviction of second degree murder in accordance with section 903.133, Florida Statutes (1982 Supp.). Barts challenges the validity of the statute, alleging that it violates her constitutional rights to due process and equal protection and that it violates provisions of the Florida Constitution requiring separation of powers and prohibiting amendment of the law by reference to title only. The trial court found that section 903.133 does not violate the constitutional guarantees of equal protection and due process of law and that it was legally enacted. We affii'm.
The challenged statute is a sequel to successive legislative enactments limiting those classes of convicted felons eligible for bail pending appellate review of their convictions. The sequence began in 1969 with enactment of section 903.131, later section 903.132, Florida Statutes (1969), which prohibited bail for certain habitual offenders. This statute withstood a constitutional attack in Greene v. State, 238 So.2d 296 (Fla.1970), in which the court *411 recognized the authority of the legislature to encroach upon the historical domain of the court in determining bail as long as the limitations imposed by the legislature were reasonable. In Gallie v. Wainwright, 362 So.2d 936 (Fla.1978), the court reviewed the successor to the statute involved in Greene and reaffirmed its holding that, as long as the legislature has a rational basis for denying bail following a conviction, the equal protection and due process clauses of the constitution are not offended.
In 1980 the legislature expanded the class of persons to be denied post-conviction bail to include persons convicted of drug trafficking. Section 903.133, Florida Statutes (1980 Supp.). Chapter 80-72, Laws of Florida, indicates that one of the governmental objectives contemplated by the statute was to prevent a defendant convicted of “a crime of inherent gravity” from skipping bail. The statute withstood a constitutional attack based in part on a separation of powers argument in Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981), pet. for rev. den., 415 So.2d 1359 (1982), in which the court found that denying bail after conviction is a legitimate exercise of the legislature’s authority to punish criminal offenders.
In 1982, the legislature again expanded the class of persons not entitled to bail after conviction by amending section 903.133 to include those convicted of first degree felonies involving murder, kidnapping, sexual battery and arson. It is reasonable to assume that the legitimate government goal which prompted enactment of the 1980 version of the statute also prompted this amendment, the constitutionality of which is now under review.
Barts argues that the means chosen by the legislature to achieve this legitimate goal are not rational because, in her opinion, there are worse crimes that are not included in the statute. It has always been a legislative prerogative to act piecemeal. The court will not disturb the legislative discretion in classifying subjects of police regulation unless it is wholly without a reasonable basis; such a classification will not be declared unreasonable solely because opinions differ as to what should have been included or omitted in the legislation. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918).
Barts’ argument that the statute amends the law by reference to title only when it refers to repeal of specified rules of criminal procedure is without merit. Chapter 82-392, Laws of Florida, sets out in full the statute which it seeks to amend, and is not required by the Florida Constitution to set out in full the rules which the amended statute repeals. Jackson v. Consolidated Government of the City of Jacksonville, 225 So.2d 497 (Fla.1969).
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.