Original
No. 93-130

### PETITION OF ROBERT HAMEL

July 30, 1993

*Law Offices of Robert V. Johnson, II* of Concord (*Howard A. Roever* on the brief and orally), for the petitioner.

*Jeffrey R. Howard,* attorney general (*Janice K. Rundles,* assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. This is a petition for original jurisdiction and for a writ of habeas corpus brought by the petitioner, Robert Hamel, following the Superior Court's (*Lynn,* J.) denial of his motion for bail pending sentencing and appeal. The petitioner attacks the constitutionality of RSA 597:1-a, I (Supp. 1992) (effective January 1, 1993) (the 1992 amendment), arguing that the provision facially violates Federal and State Constitutional equal protection guarantees and that, as applied to him, the provision is a prohibited *ex post facto* law under the Federal and State Constitutions. We deny the petition.

The petitioner was convicted on February 11, 1993, of felonious sexual assault, RSA 632-A:3 (1986), on an indictment charging sexual penetration of a fifteen-year-old girl. The incident occurred in October 1981. Immediately following the verdict, the petitioner filed a motion in the trial court indicating his intent to appeal his conviction and seeking continuation of bail pending sentencing and appeal. The

motion was denied, and the trial court ordered the petitioner held at the Rockingham County House of Correction pursuant to RSA 597:1-a, I (Supp. 1992), which provides:

> "After conviction for an offense punishable by death or, by a term of life imprisonment without possibility of parole, or for aggravated felonious sexual assault or felonious sexual assault, a defendant shall not be allowed bail."

The petitioner filed the instant petition in this court and subsequently was sentenced to a term of two to seven years imprisonment. He has since filed an appeal on the merits from his conviction.

The petitioner first argues that the legislature's inclusion of felonious sexual assault among nonbailable offenses in RSA 597:1-a, I, while excluding other class B felonies, is a violation of equal protection under the State and Federal Constitutions. N.H. CONST. pt. I, art. 2; U.S. CONST. amend. XIV. Because the Federal Constitution is not more protective in this area than our State Constitution, *see Carson v. Maurer*, 120 N.H. 925, 932, 424 A.2d 825, 831 (1980), we rely on the State Constitution, adverting to federal law "only as an aid to our analysis." *State v. Gravel*, 135 N.H. 172, 176, 601 A.2d 678, 680 (1991) (quotation omitted).

We begin an equal protection analysis by asking whether the legislation at issue treats similarly situated persons differently, *LeClair v. LeClair*, 137 N.H. 213, 222, 624 A.2d 1350, 1355 (1993), and thereby creates a classification requiring equal protection scrutiny. We agree with the petitioner that convicted class B felons are similarly situated and that RSA 597:1-a, I, treats differently those within that group who are convicted of felonious sexual assault. It is therefore necessary to determine whether such a classification passes constitutional muster.

Our approach to deciding equal protection challenges under the State Constitution has recently been summarized as follows:

> "[W]e must first determine the appropriate standard of review: strict scrutiny; fair and substantial relationship; or rational basis. Equal protection under the law does not forbid classifications, but requires us to examine the individual rights affected and the purpose and scope of the State-created classifications.
>
> We apply the strict scrutiny test, in which the government must show a compelling State interest in order for its actions to be valid, when the classification involves a suspect class based on race, creed, color, gender, national origin, or legitimacy, or affects a fundamental right.

We apply the fair and substantial relation test to classifications involving important substantive rights, including the right to tort recovery, and the right to use and enjoy private real property subject to zoning regulations. Under this test, the classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.

Finally, we apply the rational basis test to claims in which the classification does not involve a suspect class, a fundamental right, or an important substantive right under our State Constitution. Under the rational basis test, legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest. . . . Under the rational basis analysis, the party challenging the legislation has the burden to prove that whatever classification is promulgated is arbitrary or without some reasonable justification."

*LeClair*, 137 N.H. at 222–23, 624 A.2d at 1355-56 (citations and quotations omitted).

The petitioner asserts that a fundamental right—his liberty—is at stake, and that we must therefore apply the strict scrutiny test to the classification denying him post-conviction bail. He cites no authority for characterizing as fundamental his interest in liberty after conviction. Moreover, he overlooks a decision of this court in which we found no fundamental liberty interest despite the inevitability of incarceration flowing from the classification at issue. *See State v. De-Florio*, 128 N.H. 309, 314–15, 512 A.2d 1133, 1136 (1986) (rational basis appropriate equal protection test for assessing classification subjecting minors age sixteen or over to adult penalties, including incarceration, for motor vehicle misdemeanors).

 Contrary to the petitioner's contention, the right at issue is not the broad right to liberty; the petitioner lost that right upon conviction of a felony. *Cf. State v. Blum*, 132 N.H. 396, 401, 566 A.2d 1131, 1134 (1989) (in context of bail pending appeal, conviction rebuts prior presumption of innocence). Once convicted, he has no absolute constitutional right to appeal from his conviction and therefore no constitutional right to bail pending appeal. *See McKane v. Durston*, 153 U.S. 684, 687–88 (1894). Whatever right he has to be free from incarceration post-conviction is subject to the discretion of the legislature in the first instance. *See State v. Marini*, 117 N.H. 71, 73, 369 A.2d 202, 203 (1977) (respecting bail pending appeal, trial court to be

guided by intention embodied in legislative enactment). While the petitioner may be interested in his liberty after conviction, this is not an interest that the law regards as fundamental.

■■ As the petitioner does not argue that the classification involves an important substantive right under our State Constitution, we apply the rational basis test. *See DeFlorio*, 128 N.H. at 314–15, 512 A.2d at 1136. Especially in the area of the enactment of police laws, the legislature enjoys "a wide scope of discretion," *McGowan v. Maryland*, 366 U.S. 420, 425 (1961), assailable as violative of equal protection "only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective," *id.*, and therefore is purely arbitrary. Under this test, the petitioner bears the burden of demonstrating that the inclusion of those convicted of felonious sexual assault among offenders not permitted to post-conviction bail "is not rationally related to the advancement of *any* legitimate governmental interest." *Appeal of Bosselait*, 130 N.H. 604, 613, 547 A.2d 682, 690 (1988) (emphasis added), *cert. denied*, 488 U.S. 1011 (1989).

■ The State identifies, and the petitioner acknowledges, the protection of the community from potentially dangerous offenders as the legislature's ostensible objective in denying post-conviction bail to felony sexual offenders. The seriousness of felonious sexual assault is plain; the statute proscribes sexual contact causing serious personal injury, RSA 632-A:3, I; sexual penetration with children thirteen to sixteen years of age, RSA 632-A:3, II; and sexual contact with children under thirteen years of age, RSA 632-A:3, III. The petitioner argues that the legislature had an insufficient factual basis to conclude that those convicted of felonious sexual assault warranted inclusion among felons denied post-conviction bail. Even if we assume that the legislative history must demonstrate that a sufficient factual basis exists, the legislative history of the 1992 amendment does so.

Testimony heard by the Joint Ad Hoc Committee to Study Rape Statutes and by the Senate Judiciary Committee in September 1991 and January 1992, respectively, was directed at the enormity of the trauma suffered by victims of sexual assault generically. Mention was made of the special problem of repeat offenders with respect to child victims. *See* Hearing on SB 472 Before the Senate Judiciary Committee at 7 (January 28, 1992) (testimony of David Barrett, New Hampshire Association of Chiefs of Police). In addition, there was testimony that victims of class B felony sexual assault where no penetration occurs "experience the same threats, the same fear, the

same physical assault and the same trauma [as victims of aggravated felonious sexual assault]." *See* Public Hearing Before Joint Ad Hoc Committee to Study Rape Statutes at 60 (September 4, 1991) (testimony of Barry MacMichael, New Hampshire Coalition Against Domestic and Sexual Violence). One of the sponsors of the bill testified that its purpose was "to make it clear that penetration was not the issue, but that the issue of [sexual] contact is of the utmost importance. . . . There was a policy consideration to highlight the fact that felonious sexual assault is a particularly heinous crime . . . ." *See* Public Hearing on SB 472 Before the House Committee on Judiciary at 1–2 (March 3, 1992) (statement of Rep. Burling). The petitioner is thus mistaken when he characterizes the inclusion of felonious sexual assault in the 1992 amendment as "an afterthought." *See also* Laws 1992, 254:1 ("It is the policy of this state that sexual assault crimes shall be treated as the heinous crimes of violence that they truly are, and that persons convicted of those crimes shall be sentenced to severe penalties, including extended loss of liberty . . . .").

We conclude that the legislature could rationally have determined that individuals convicted of felonious sexual assault constitute a special danger to the community as distinguished from other class B felons. Preventing further harm to the community by denying class B felony sexual offenders post-conviction bail is not unreasonable or arbitrary. *See Young v. Hubbard*, 673 F.2d 132, 134 (5th Cir. 1982) (rational basis for denying post-conviction bail for certain enumerated felonies); *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir. 1979) (same); *Barts v. State*, 447 So. 2d 410, 411 (Fla. App. 1984) (same); *State v. Anderson*, 338 N.W.2d 372, 375–76 (Iowa 1983) (same); *Spitznas v. State*, 648 P.2d 1271, 1273 (Okla. Crim. App. 1982) (same). That there may be other equally serious crimes not included in the 1992 amendment does not render inclusion of felonious sexual assault unreasonable. *See Barts v. State*, 447 So. 2d at 411 (classification of certain serious offenses as nonbailable not unreasonable solely because opinions differ as to what should have been included or excluded in legislation); *cf. Boehner v. State*, 122 N.H. 79, 85, 441 A.2d 1146, 1149–50 (1982) (legislative enactment not violative of equal protection merely because classifications made are imperfect). We hold that RSA 597:1-a, I, does not violate equal protection under our State Constitution.

The petitioner also argues that application of the 1992 amendment to him is a violation of the State and Federal Constitutional prohibitions against *ex post facto* laws. He posits this argument on the fact that he committed his offense prior to the effective date of the statute.

Both article 1, section 10 of the Federal Constitution and part I, article 23 of the New Hampshire Constitution forbid *ex post facto* penal laws. *See Dobbert v. Florida*, 432 U.S. 282 (1977); *State v. Ballou*, 125 N.H. 304, 481 A.2d 260 (1984). As the protection afforded by both provisions in this regard is the same, *see Woart v. Winnick*, 3 N.H. 473, 475 (1826), we decide this issue under the State Constitution with reference to federal decisions to the extent that they may aid our analysis. *See Gravel*, 135 N.H. at 176, 601 A.2d at 680.

██ The features that identify a prohibited *ex post facto* law, or a law that is *ex post facto* as applied, have been stated as follows:

> "any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed . . . ."

*Dobbert*, 432 U.S. at 292 (quotation omitted); *see also Woart*, 3 N.H. at 475; *cf. State v. Theodosopoulos*, 123 N.H. 287, 290, 461 A.2d 100, 102 (1983). No *ex post facto* violation occurs, however, if the change effected in the law is merely procedural and does not increase the punishment for or alter the elements of an offense, or change the ultimate facts required to prove guilt. *Weaver v. Graham*, 450 U.S. 24, 29 n.12 (1981). This substance/procedure dichotomy in *ex post facto* analysis "is an attempt to reconcile the necessity for continuous legislative refinement of the criminal adjudication and corrections process with the constitutional requirement that substantial rights of a criminal defendant remain static from the time of the alleged criminal act." *United States v. McCahill*, 765 F.2d 849, 850 (9th Cir. 1985).

█ The 1992 amendment did not alter any substantial right the petitioner had prior to the change. As discussed above, convicted felons have no fundamental right to post-conviction bail. Although the petitioner argues that depriving him of bail after conviction constituted a new punishment for an act committed prior to the amendment's enactment, clearly it is not punishment. While the starting date of his punishment may have been accelerated due to the amendment, no enhancement of the amount of punishment occurred. *See United States v. Affleck*, 765 F.2d 944, 948–49 (10th Cir. 1985) (because admission to bail pending appeal is procedural and new Bail Reform Act does not increase punishment, no *ex post facto* violation

to apply Act to conviction before effective date); *United States v. McCahill*, 765 F.2d at 850 (same); *see also United States v. Ballone*, 762 F.2d 1381, 1382 (11th Cir. 1985) (no *ex post facto* violation to apply Bail Reform Act to conviction obtained after effective date, for crime committed before); *United States v. Miller*, 753 F.2d 19, 21 (3d Cir. 1985) (same). Thus, even though the change in the law may have disadvantaged the petitioner, the application of it to him was not *ex post facto* because it "neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided greater punishment, nor changed the proof necessary to convict." *Dobbert*, 432 U.S. at 293. Application of the 1992 amendment to the petitioner to deny him post-conviction bail was not unconstitutional.

*Petition for writ of habeas corpus denied.*

All concurred.