Carroll
No. 93-492

THE STATE OF NEW HAMPSHIRE

v.

ANNE MARIE REYNOLDS

May 24, 1994

520

*Jeffrey R. Howard*, attorney general (*Mark D. Attorri*, assistant attorney general, on the brief and orally), for the State.

*Albert E. Scherr*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J.   The Superior Court (*Dickson*, J.) transferred without ruling the question whether application of RSA 651:20, I(a) (Supp. 1993) to the defendant's pending petition for sentence suspension would violate the State and federal constitutional proscriptions against *ex post facto* laws. We hold that such an application would violate part I, article 23 of the State Constitution.

In 1986, the defendant, Anne Marie Reynolds, pled guilty to second degree murder. On the date of her crime, RSA 651:20 (1986) (the old law) permitted prisoners to petition for sentence suspension every two years. Reynolds filed such a petition in January 1990, without success. In 1992, the legislature amended the old law, effective January 1, 1993, to preclude violent offenders such as Reynolds from petitioning for sentence suspension more often than every four years. Laws 1992, 254:13 (codified at RSA 651:20, I(a) (Supp. 1993)) (the new law). In April 1993, Reynolds filed the pending petition. The State objected to it as premature under the new law. Reynolds responded that application of the new law to her petition would violate the State and federal constitutional prohibitions against *ex post facto* laws. The superior court then transferred this question to us pursuant to Supreme Court Rule 9.

Although Reynolds invokes both the State and Federal Constitutions in making her *ex post facto* argument, we decide this case solely under part I, article 23 of the New Hampshire Constitution. As we recently said in *Petition of Hamel*, 137 N.H. 488, 494, 629 A.2d 802, 806 (1993) (citations omitted):

> "Both article 1, section 10 of the Federal Constitution and part I, article 23 of the New Hampshire Constitution forbid *ex post facto* penal laws. As the protection afforded by both provisions in this regard is the same, we decide this issue under the State Constitution with reference to federal decisions to the extent that they may aid our analysis."

*See State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983); *see also Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983).

■ Part I, article 23 proclaims: "Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, should be made, either for the decision of civil causes, or the punishment of offenses." The latter portion of this article, concerning retrospective application of penal laws, is a prohibition against *ex post facto* laws. *Woart v. Winnick*, 3 N.H. 473, 474 (1826). A law or an application of a law is *ex post facto* if it

> "makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; or . . . aggravates a crime, and makes it greater, than it was when committed; or . . . changes the punishment, and inflicts greater punishment, than the law annexed to the crime when committed . . . ."

*Id.* at 475; *see also Collins v. Youngblood*, 497 U.S. 37, 41–44 (1990); *Hamel*, 137 N.H. at 494, 629 A.2d at 806.

Reynolds argues that application of the new law to her petition for sentence suspension would violate part I, article 23 because it "inflicts greater punishment" for her crime than the old law. Neither party disputes that the legislature intended the new law to apply to offenders such as Reynolds who committed their crimes before the new law's effective date, so we focus our analysis on whether the new law "inflicts greater punishment" than the old law.

■ We hold that application of the new law to Reynolds' petition would violate part I, article 23 because the new law could operate to keep her in prison longer than the old law. The new law reduces the frequency of opportunities a violent offender has to petition for sentence suspension. Without an opportunity to petition, an offender's

sentence cannot be suspended. *Cf. Akins v. Snow*, 922 F.2d 1558, 1562 (11th Cir.) (parole context), *cert. denied*, 111 S. Ct. 2915 (1991). If, on a given date, a sentencing judge would grant an inmate's petition, denial of the chance to petition results in a denial of the inmate's release and a longer period of incarceration. For such an inmate, any delay in the chance to petition translates into more time in prison. The imposition of extra prison time is plainly an infliction of greater punishment. If a delay in the chance to petition is caused by a retrospective application of a penal law, such an application violates part I, article 23.

Retrospective application of the new law to Reynolds' petition would cause such a delay and, accordingly, would violate part I, article 23. As stated above, she filed her first petition in 1990. If she had met the superior court's criteria for sentence suspension in 1992, the old law would have permitted her release that year. The new law, however, would have kept her in prison until 1994, an infliction of two years' added punishment. As the Seventh Circuit Court of Appeals stated in the parole context, "only an unusual prisoner could be expected to think that he is not suffering a penalty when even though he is eligible for parole and might be released if granted a hearing, he is denied that hearing." *Rodriguez v. United States Parole Comm'n*, 594 F.2d 170, 176 (7th Cir. 1979).

■ It is irrelevant that in some cases application of the new law would have no effect on an offender's length of imprisonment. "[O]ne is not barred from challenging a change in the penal code on *ex post facto* grounds simply because the [punishment] he received under the new law was not more onerous than that which he might have received under the old." *Dobbert v. Florida*, 432 U.S. 282, 300 (1977). This is because "the *ex post facto* clause looks to the standard of punishment prescribed by a statute, rather than to the sentence actually imposed." *Lindsey v. Washington*, 301 U.S. 397, 401 (1937).

■ The State also contends that Reynolds' *ex post facto* claim fails because she has no "substantial right" to or "constitutionally protected interest" in the old law's two-year provisions. We disagree. "The presence or absence of an affirmative, enforceable right is not relevant . . . to the *ex post facto* prohibition . . . ." *Weaver v. Graham*, 450 U.S. 24, 30 (1981). As the *Weaver* Court explained:

> "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the

crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense."

*Id.* at 30–31; *see also Roller v. Cavanaugh,* 984 F.2d 120, 122 (4th Cir.), *cert. granted,* 113 S. Ct. 2412, *cert. dismissed,* 114 S. Ct. 593 (1993).

Reynolds' position finds support in parole cases decided by federal courts of appeals. The most recent is *Roller v. Cavanaugh,* 984 F.2d 120, a Fourth Circuit decision involving a law that reduced a violent offender's opportunities for parole from once a year to every other year. Following the lead of other courts of appeals, the Fourth Circuit held that retrospective application of this law violated the federal *ex post facto* clause. *Id.* at 123–24; *see also Akins,* 922 F.2d at 1565; *Rodriguez,* 594 F.2d at 176. A contrary decision by the Eighth Circuit may be explained by that court's holding that the administrative rule at issue is not a "law" for *ex post facto* purposes. *Bailey v. Gardebring,* 940 F.2d 1150, 1156–57 (8th Cir. 1991), *cert. denied,* 112 S. Ct. 1516 (1992); *cf. Freeman v. Comm'n of Pardons and Paroles,* 809 P.2d 1171, 1176 (Idaho Ct. App. 1991).

The State urges us to disregard these cases because Reynolds petitioned for sentence suspension, not parole. We find no relevant differences, however, between parole and sentence suspension for *ex post facto* purposes. Part I, article 23 certainly makes no distinction between the two. The salient inquiry in either circumstance is simply whether retrospective application of a new law inflicts greater punishment than the law previously in effect.

In support of its position, the State cites *State v. Theodosopoulos,* 123 N.H. 287, 461 A.2d 100 (1983), a case involving the 1979 and 1981 amendments to the sentence suspension law. To the extent that our holding in this case is inconsistent with *Theodosopoulos,* that case is overruled.

We have considered all of the State's remaining arguments and find them unpersuasive. We therefore hold that retrospective application of the new law to Reynolds' petition would violate part I, article 23's proscription against *ex post facto* laws.

*Remanded.*

THAYER, J., did not sit; the others concurred.