Merrimack
No. 93-802

### STEVEN MARCOULLIER

v.

### WARDEN, NEW HAMPSHIRE STATE PRISON

October 31, 1995

*Joachim Barth*, assistant appellate defender, of Concord, by brief and orally, for the plaintiff.

*Jeffrey R. Howard*, attorney general (*John C. Kissinger, Jr.*, assistant attorney general, on the brief and orally), for the defendant.

### MEMORANDUM OPINION

BROCK, C.J. The plaintiff, Steven Marcoullier, appeals the Superior Court (*Conboy*, J.) denial of his petition for writ of habeas

corpus. On appeal, he argues that the New Hampshire Adult Parole Board (parole board) requirement that he complete the prison's sexual offender program prior to becoming eligible for parole violates his right to be free from compelled self-incrimination under the Federal Constitution.

In 1990, after a jury trial in Superior Court (*O'Neill*, J.), the plaintiff was convicted of felonious sexual assault and sentenced to three to six years in prison. The court recommended in its sentence that the plaintiff participate in "sexual offender counseling." The prison's sexual offender program (SOP) requires that an inmate admit his guilt to the offense of which he was convicted. Because he refused to admit such guilt, the plaintiff was denied admission to the SOP. After serving his minimum sentence, the plaintiff was denied parole because he failed to complete the SOP. This petition followed.

The plaintiff makes essentially the same claims as did the plaintiff in *Knowles v. Warden, N.H. State Prison*, 140 N.H. 387, 666 A.2d 972 (1995). Insofar as the arguments are the same, the decision below is affirmed.

■ The plaintiff phrases one of his arguments differently enough to warrant discussion: he suggests that the parole board doubled his sentence because he invoked the fifth amendment. Citing *Lefkowitz v. Cunningham*, 431 U.S. 801 (1977), the plaintiff states that "a State may not impose substantial penalties because a witness elects to exercise his Fifth Amendment right not to give incriminating testimony against himself." *Id.* at 805. Characterizing the parole board's requirement that he complete the SOP before becoming eligible for parole as "a condition of his minimum sentence," the plaintiff presents the denial of parole as equivalent to the revocation of probation. As we stated in *Knowles*, 140 N.H. at 391–93, 666 A.2d at 976–77, this characterization is invalid.

■ The denial of parole does not constitute a "penalty" as argued by the plaintiff. The parole board's denial of parole did not "double" the plaintiff's sentence, but rather simply requires him to serve the sentence he originally received. *See Baker v. Cunningham*, 128 N.H. 374, 381, 513 A.2d 956, 961 (1986).

*Affirmed.*

All concurred.