Knowles v. Cunningham                    CV-96-228-JD  01/24/97
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE

William J. Knowles, III

        v.                              Civil No. 96-228-JD

Michael J. Cunningham, Warden,
New Hampshire State Prison


                            O R D E R


     The pro se petitioner, William James Knowles, III, brought

this action seeking a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254.  The petitioner, a convicted sex offender, alleges that

his rights against self-incrimination and to due process have

been violated by the requirements placed on him before he can be

reconsidered for parole.  The petitioner must complete the

state's sexual offender program ("SOP") before being reconsidered

and he must admit his guilt as to the conduct for which he was

convicted in order to enter the SOP.  Before the court is a

motion for summary judgment (document no. 10) submitted by the

state on behalf of the respondent, Michael J. Cunningham, warden

of the New Hampshire State Prison, where the petitioner is

incarcerated.


                          Background

     The petitioner was convicted on two counts of aggravated

felonious sexual assault by a New Hampshire jury on January 13,

1987. On March 13, 1987, he was sentenced to prison for seven to fifteen years on one offense and for three to fifteen years on the other, to be served consecutively. The New Hampshire Supreme Court upheld the petitioner's conviction. See State v. Knowles, 131 N.H. 274, 553 A.2d 274 (1988). He maintained his innocence throughout trial and has continued to do so during his incarceration. Because he continues to refuse to admit his guilt as to the conduct for which he was convicted, he has not been reconsidered for parole.

In 1993, after the petitioner completed the minimum portion of his first sentence without incident, the Adult Parole Board considered his case. The board denied him parole from the first sentence to the second sentence because it believed that without completing the SOP he presented a significant danger. The board stated that it would rehear the petitioner's request when he completed the SOP. However, the petitioner will not be allowed to enter the SOP until he admits his guilt as to the conduct for which he was convicted. He has no objection to participation in the SOP, but refuses to admit his guilt.

On April 15, 1994, the petitioner requested another parole hearing but again was told that he would not be reconsidered for parole until he completed the SOP. He also requested admittance to the SOP, but was again denied admittance because of his

2

continuing refusal to admit his guilt.  The petitioner challenged the requirements of the parole board in state court and exhausted his state court remedies on October 21, 1995, when the New Hampshire Supreme Court denied his appeal.  See State v. Knowles, 140 N.H. 387, 666 A.2d 972 (1995).  He then brought this action.

## Discussion

Where, as here, no material facts are in dispute, summary judgment is appropriate if "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The petitioner claims that the requirement that he admit his guilt as to crimes for which he was convicted as a condition of his admission to the SOP[1] violates his Fifth Amendment right against

---

[1]The petitioner also claims that admission to the SOP requires that he disclose his "entire sexual offending history" and a "history of deviant sexual behavior, including child molesting or incest," and cites Knowles v. Warden, 140 N.H. 387, 388, 666 A.2d 972, 974 (1995), in support of this assertion.  However, the petitioner's selective quotation presents at best a distorted picture of that opinion's description of the SOP.  In fact, the state court found:

> The [sexual offender] program's objectives include development of awareness of contributing factors to the offense committed, self-disclosure of the inmate's entire sexual offending history, development of higher self-esteem and healthier relationships, reduction of deviant arousal patterns, and development of a realistic relapse prevention plan.  In order to be admitted into the program, inmates must satisfy strict admission criteria, which include a history of deviant sexual behavior, including child

3

self-incrimination.  The petitioner also argues that he has a liberty interest in the possibility of parole, and that therefore conditioning his parole on completion of the SOP impermissibly deprives him of a protected liberty interest.[2]  The respondent

---

> molesting or incest, a willingness to commit to one year of treatment, the recognition of a "serious problem," and the ability to adjust to a "therapeutic community environment."

Id. at 388, 666 A.2d at 974 (emphasis added).  As the entire passage makes clear, the petitioner is not required to disclose his entire sexual offending history to be admitted into the program -- that is instead an objective the program attempts to accomplish.  In addition, while an inmate is required to possess a history of deviant sexual behavior to gain entry into the SOP, the petitioner apparently satisfies the history requirement by having engaged in the conduct for which he was convicted. Therefore, the court rejects the petitioner's argument that admission to the SOP requires anything more than an admission of guilt as to the conduct for which he was convicted.

However, even if the criteria for admission into the SOP did require admission of guilt as to crimes for which the petitioner had not been convicted, that requirement would not violate the petitioner's right against compelled self-incrimination.  The petitioner retains a Fifth Amendment right against self-incrimination as to any crimes for which has not been convicted.  As discussed infra, however, the choice between self-incrimination and the possibility of parole offered by the SOP does not compel petitioner to incriminate himself.

[2]The petitioner makes two additional arguments for the first time in his opposition to the respondent's motion for summary judgment.  With the recent amendments to the habeas statute, exhaustion is no longer a jurisdictional requirement for federal habeas petitions and "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C.A. § 2254(b)(2) (West Supp. 1996).  For this reason, the court considers these arguments but finds them unavailing.

counters that the petitioner does not retain a right against self-incrimination, and even if he does, that right is not compromised by the SOP admission requirement. The respondent additionally argues that the petitioner does not have a constitutionally protected liberty interest in parole or the hope of parole.

---

First, the petitioner argues that the SOP requirement violates his right to protection from ex post facto laws, citing for support State v. Reynolds, 138 N.H. 519, 642 A.2d 1368 (1994). The Reynolds court struck down a state law changing the frequency with which violent offenders could petition for sentence suspension from once every two years to once every four years as a punishment prohibited by the state constitution's ex post facto clause with respect to violent offenders convicted before passage of the law. 138 N.H. at 520-22, 642 A.2d at 1369-70. However, the petitioner's ex post facto argument fails, inter alia, because the requirement that he complete the SOP before being reconsidered for parole is the result, not of a general law enacted for a punitive purpose, but of an individualized finding that the petitioner represents a danger unless he undergoes rehabilitation. See Neal v. Shimoda, 905 F. Supp. 813, 821-22 (D. Haw. 1995) (citing Flemming v. Nestor, 363 U.S. 603, 613-14 (1960)); Russell v. Eaves, 722 F. Supp. 558, 560 (E.D. Mo. 1989), appeal dismissed, 902 F.2d 1574 (8th Cir. 1990); cf. Parton v. Armontrout, 895 F.2d 1214, 1215-16 (8th Cir. 1990) (law requiring completion of SOP for all convicted sex offenders violated ex post facto protection of offenders convicted prior to law's enactment). Thus, ex post facto protection does not apply in this situation.

Second, the petitioner contends that the equal protection clause entitles him to have as much hope for parole as any other similarly situated person. This argument fails, inter alia, because the court finds that the state has a legitimate interest in ensuring that those released on parole have been rehabilitated so as not to present a danger to the public upon release, and the SOP as currently administered is rationally related to that goal. See Neal, 905 F. Supp. at 818-19.

5

The petitioner's claims that the SOP admission criterion violates his right against self-incrimination and denies him a protected liberty interest in the possibility of parole are without merit for two independent reasons. First, the petitioner has been convicted and his conviction extinguished his right against self-incrimination as to the acts for which he was convicted. See Reina v. United States, 364 U.S. 507, 513 (1960); United States v. Johnson, 488 F.2d 1206, 1209 (1st Cir. 1973) (conviction extinguishes privilege against self-incrimination as to that offense); see also United States v. Heldt, 668 F.2d 1238, 1253 (D.C. Cir. 1981) ("because a witness has been found guilty of the actions in question he is no longer entitled to claim the privilege of the fifth amendment with respect to those matters and he may be compelled to testify about them"). Therefore, the SOP admission criterion cannot violate the petitioner's right against self-incrimination because he does not retain it as to the crimes for which he was convicted.[3]

Second, even assuming the petitioner retained some right

---

[3]The petitioner has maintained his innocence despite his conviction and claims that he may still be exonerated by the discovery of new evidence or otherwise have his conviction overturned by collateral attack. While this possibility remains, it does not preserve the petitioner's right against self-incrimination, which was extinguished by his conviction. See Reina, 364 U.S. at 513; Johnson, 488 F.2d at 1209.

6

against self incrimination, the Fifth Amendment protects only against compelled self-incrimination. See U. S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself"); Russell v. Eaves, 722 F. Supp. 558, 560 (E.D. Mo. 1989), appeal dismissed, 902 F.2d 1574 (8th Cir. 1990). The choice between self-incrimination and the possibility of parole does not compel the petitioner to incriminate himself where, as he has done here, he may choose freely to forego the possibility of parole instead. The court agrees with the New Hampshire Supreme Court that

> the plaintiff may choose not to participate in the SOP. Accordingly, the compulsion element of a violation of his privilege against compelled self-incrimination is missing: he may choose not to admit his guilt. The plaintiff's refusal to admit guilt will not cause him to serve additional prison time; he simply may be required to serve the sentence he received originally.

Knowles v. Warden, 140 N.H. 387, 392-93, 666 A.2d 972, 977 (1995); accord Wellington v. Brodeur, No. 96-189-M, slip op. at 5 (D.N.H. Dec. 30, 1996); see also Russell, 722 F. Supp. at 560; Marcoullier v. Warden, 140 N.H. 393, 666 A.2d 977 (1995); State v. Donnelly, 244 Mont. 371, 382, 798 P.2d 89, 96 (1990), overruled on other grounds by State v. Imlay, 249 Mont. 82, 813 P.2d 979 (1991).

The parole board may require the petitioner to choose between self-incrimination and the possibility of parole because

a prisoner has no constitutionally protected liberty interest in being paroled.  See Jago v. Van Curren, 454 U.S. 14 (1981); Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979); Wellington, No. 96-189-M, slip op. at 4. Under New Hampshire law, parole is a matter of discretion, not of right.  Wellington, No. 96-189-M, slip op. at 4; Knowles, 140 N.H. at 390, 666 A.2d at 976 (1995); Baker v. Cunningham, 128 N.H. 374, 381, 513 A.2d 956, 960 (1986).  Thus, the court finds that the requirement that the petitioner admit guilt as to the actions for which he was convicted prior to his admission to the SOP does not deprive him of a constitutionally protected liberty interest or otherwise violate his Fifth Amendment right against compelled self-incrimination.


Conclusion

For the reasons stated above, the respondent's motion for summary judgment (document no. 10) is granted.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

January 24, 1997
cc:  William James Knowles III
     Jennifer B. Gavilondo, Esquire

8